451 A.2d 777

**Dora QUARATO and John Quarato**

v.

**FACELIFTERS, LTD., Appellant.**

Superior Court of Pennsylvania.

Argued Sept. 30, 1981.

Filed Oct. 15, 1982.

John M. Means, Pittsburgh, for appellant.

Donald P. Tarosky, Greensburg, for appellees.

Before CAVANAUGH, MONTEMURO and VAN der VOORT, JJ.

VAN der VOORT, Judge:

On June 30, 1980, a Justice of the Peace entered a judgment in assumpsit for $872.50, plus costs, in favor of plaintiffs-appellees, Quarato and against defendant-appellant, Facelifters, Ltd. Facelifters appealed to the Westmoreland County Court of Common Pleas on July 11, 1980. On July 14, 1980, Notice of Appeal and a Rule to File a Complaint were filed with the Prothonotary, together with an affidavit by appellant's counsel stating that he had served appellees with the Notice of the Appeal and the Rule to File a Complaint by certified or registered mail, "sender's receipt attached hereto". In fact, no sender's receipt was attached to the Notice of Appeal and the Rule to File a Complaint.

The receipts were attached to a praecipe for judgment for failure to file a complaint, filed by Facelifters, on September 3, 1980. On September 11, 1980, appellees filed a praecipe to strike the initial appeal because of appellant's failure to comply with Rule 1005(b) of the Rules of Civil Procedure for Justices of the Peace. Appellant's counsel filed a Motion to Reinstate Appeal on September 17, 1980 averring (1) that the appellant had complied with the rules, and (2) that the striking of the appeal after entry of the non-pros was invalid. Appellees filed an answer to this motion. The court sitting en banc heard arguments, and on March 19, 1981, dismissed the Motion to Reinstate Appeal. By praecipe the same day judgment was entered on the court's order.

Judge Marker's opinion states his belief that the court is bound to dismiss the Motion to Reinstate the Appeal because of appellant's failure to comply with Rule 1005(b) and Rule 1081, Pennsylvania Rule of Civil Procedure for Justices of the Peace. He relies on a similar ruling by Judge Klein in *Voynik v. Davidson,* 34 Beaver 98, 69 D. & C. 2d 267 (1975). Both Judges Klein and Marker concede that "the result

appears to be harsh" but feel duty bound to enforce a rule of the Supreme Court.[1]

Rule 1005(b) Pa.R.C.P.J.P. required appellant to file "proof of service" of the notice of appeal and of the rule within five days after the filing of the notice of appeal. Rule 1001 defines "proof of service" as: "a sworn written statement that service was made by personal service or by certified or registered mail, *with the sender's receipt for certified or registered mail attached thereto if service was made by mail.*" (Emphasis supplied) Technically counsel's affidavit did not fully comply with Rule 1001 as the sender's receipt was not attached.

There is no serious question that the appellees received notice that the appeal had been taken. In addition, there are in the record copies of two receipts dated July 15, 1980, signed by Dora Quarato, presumably evidencing receipt of (a) the Notice of Appeal and (b) the Rule to File a Complaint. These receipts were attached to a praecipe for judgment filed September 3, 1980, by appellant's counsel, for failure of Quarato to file a complaint.

Appellant points out that Rule 126, Pennsylvania Rules of Civil Procedure states that these rules are to be construed liberally "to secure the just, speedy and inexpensive determination" of cases, and that the court "may disregard any error or defect of procedure which does not affect the substantial rights of the parties." The Commonwealth Court in *Americans Be Independent v. Commonwealth of Pennsylvania,* 14 Pa. Commonwealth 179, 321 A.2d 721 (1974) overlooked a failure to file an affidavit of service of process within the prescribed time, where the other side had in fact received the required notice. Our Supreme Court has in *Pomerantz v. Goldstein,* 479 Pa. 175, 387 A.2d 1280 (1978) endorsed and explained the policy of liberal interpretation expressed in Rule 126. Appellant further refers us to *Hyde*

---

1. Judge Marker's opinion states that "this opinion shall not restrict the appellant . . . in seeking relief under . . . Rule 1006", presumably a reference to the "upon good cause shown" provision of such rule. Appellant apparently did not follow-up on this comment; nowhere in its motion to reinstate is it averred that a meritorious defense exists.

*v. Crigler,* 10 D. & C. 3d 769 (1979) in which the court ordered an appeal reinstated where the proof of service was not filed within five days, but timely notice had in fact been received by the appellees in that case, as in our present case.

As appellees did receive notice of the appeal and rule to file a complaint, we believe justice will be served, and the principles enunciated in Rule 126 will be correctly applied if the appeal is reinstated. Therefore the order dismissing the motion to reinstate the appeal is vacated; the appeal is reinstated; the default judgment is opened; and appellees shall have twenty (20) days to file a complaint.[2]

Order reversed and case is remanded for further proceedings not inconsistent with this Opinion. We do not retain jurisdiction.

2. Since we have found merit in appellant's argument on this first issue, it is not necessary that we dispose of appellant's second argument.