**Carol Ann WALLER**

v.

**Stephen KOTZEN.**

**Civ. A. No. 82–1680.**

United States District Court,
E.D. Pennsylvania.

July 20, 1983.

**425**

Bernard L. Kubert, Philadelphia, Pa., for plaintiff.

William J. McKinley, Jr., Swartz, Campbell & Detweiler, Philadelphia, Pa., for defendant.

## MEMORANDUM

RAYMOND J. BRODERICK, District Judge.

On November 15, 1982, an arbitration panel composed of three attorneys, pursuant to Local Rule of Civil Procedure 8, heard this case involving an automobile accident and entered an award of $4,000.00 in favor of the plaintiff, Carol Ann Waller ("Waller"). On November 16, Waller's counsel contacted Nationwide Mutual Insurance Co., the insurer of defendant, Stephen Kotzen ("Kotzen") in Syracuse, New York and negotiated a settlement in the sum of $15,000.00. Kotzen has moved to set aside the settlement on the ground that it was obtained after a compulsory arbitration award through direct negotiations with a party rather than through negotiations with the party's counsel. Kotzen further avers that Waller's counsel was aware of the arbitrators' award at the time it negotiated with Nationwide and failed to disclose the award to Nationwide. For the reasons hereinafter set forth, the Court will grant defendant's motion and enter an Order setting aside the settlement and reinstating the arbitrators' award, thus giving both parties 30 days in which to demand a trial de novo if they are not satisfied with the award.

This litigation involved a collision between automobiles driven by Waller and Kotzen. Waller avers in her complaint that Kotzen drove his vehicle negligently and struck her car, resulting in injuries to the plaintiff. Jurisdiction is founded upon diversity since Waller is a Pennsylvania citizen and Kotzen is a New Jersey citizen. Pursuant to Local Rule of Civil Procedure 8, this case was placed in the arbitration program because it is a diversity case claiming personal injury and seeking only monetary damages in an amount of $50,000.00 or less. Under this program, a panel composed of three arbitrators (local attorneys who qualify as arbitrators) hears the matter just as would a judge or a jury. The Federal Rules of Evidence serve as a guide for the admissibility of evidence and the Federal Rules of Civil Procedure are applicable.

After the hearing, the panel of arbitrators enters an award to the prevailing party. The arbitrators' award becomes a final judgment unless either party demands a trial de novo. If trial de novo is demanded, unless a settlement is effected, the case proceeds to trial as if it had not been arbitrated. The goal of the arbitration program is to provide less expensive and more efficient disposition of certain types of cases without depriving the litigants of their right to a court trial. The program has succeeded in this district largely because of the support of the members of the bar who have carried out the letter and spirit of Local Rule 8.

The arbitration program is in effect a compulsory nonjury trial before three members of the bar who have been determined to be qualified to render an award based upon the facts and the applicable law. Thus, the arbitration hearing is in all respects a non-jury trial, subject to the identical rules of conduct and decorum which regulate the trial of cases before a judge of this Court.

The defendant alleged that the plaintiff's counsel violated the Code of Professional Responsibility in bypassing defense counsel and negotiating a settlement directly with the insurance carrier without advising the insurance carrier of the arbitrators' award. A hearing was held on April 26, 1983 at which hearing both plaintiff and defendant presented evidence and argument concerning this issue. Based on the evidence presented at the hearing, this Court makes the following findings of fact.

On November 15, 1982, the arbitration panel heard testimony in this matter. Later that day, after the close of the evidence, the panel conferred and determined that it would enter an award in plaintiff's favor in the amount of $4,000.00. Prior to Nationwide forwarding this case to outside counsel to represent the defendant in this litigation, settlement negotiations took place between Nationwide and plaintiff's counsel. Nationwide had offered to settle the litigation for $15,000.00, but plaintiff's counsel rejected this offer of settlement on June 14, 1982. Thereafter, Nationwide obtained legal counsel in Philadelphia to represent the defendant in this litigation. After defense counsel entered the case, no settlement negotiations took place between Nationwide and plaintiff's counsel until after the entry of the arbitration award.

On the morning of November 16, 1983, the chairman of the arbitration panel telephoned counsel of record for the plaintiff and counsel of record for the defendant and advised them that at noon on November 15, the arbitrators' filed an award in plaintiff's favor in the amount of $4,000.00.

During the afternoon of November 16, 1982, Eric Lerner, an attorney in the firm of plaintiff's counsel, phoned Ron Wicks, a Nationwide claims adjuster in Syracuse, New York to determine whether Nationwide's $15,000.00 settlement offer was still available. Lerner told Wicks that there had been an arbitration hearing regarding the case but did not tell Wicks that an arbitration award had been filed in favor of the plaintiff in the amount of $4,000.00. Wicks and Lerner agreed to settle the case for $15,000.00. Lerner testified at the hearing before this Court that he did not become aware of the arbitrators' award of $4,000.00 until November 18, 1982.

Wicks testified that he was not familiar with the arbitration program in this Court. He said he understood an arbitration hearing to be a type of required settlement conference. Wicks also testified that he was not advised by Lerner that there had been an arbitrators' award in plaintiff's favor in the amount of $4,000.00. On November 19, 1982, Wicks sent a release form and a check in the amount of $15,000.00 to Lerner. On December 7, 1982, Wicks received notice of the arbitration panel's award of $4,000.00 to the plaintiff from defense counsel. On January 19, 1983, defense counsel filed the instant motion to set aside the settlement agreement which was entered into after the arbitrators' award.

As grounds for his motion to set aside the settlement, the defendant contends that (1) plaintiff's counsel violated the Code of Professional Responsibility in directly negotiating with Nationwide rather than first approaching the defendant's attorney; (2) the settlement was actually or constructively fraudulent because Nationwide did not know of the arbitration award at the time of the settlement as did plaintiff's law firm; and (3) the settlement is void as a contract because of a mutual mistake of fact.

The Pennsylvania Code of Professional Responsibility, Disciplinary Rule 7–104 provides:

(a) During the course of his representation of a client, the lawyer shall not:

(1) Communicate or cause another to communicate on the subject of the representation *with a party he knows to be represented by a lawyer in that matter unless he has the prior consent of the lawyer representing such other party or is authorized by law to do so.* (emphasis added).

In this matter, Nationwide selected and retained defense counsel to represent the defendant Kotzen who was insured by Nationwide. It appears to the Court that Disciplinary Rule 7–104 makes it clear that

counsel for the plaintiff, under the circumstances set forth herein, should not have discussed settlement with Nationwide without having first obtained the consent of defense counsel.

However, apart from any breaches of the Code of Professional Responsibility which may have been committed by plaintiff's counsel, this Court must set aside the settlement because (a) the settlement resulted because both Wicks and Lerner negotiated the settlement while operating under a mutual mistake of fact, and (b) the settlement is voidable by Nationwide because Nationwide did not know of the arbitrators' award whereas counsel of record for the plaintiff, Bernard Kubert, Esq., had been advised of the award prior to the negotiation of the settlement on November 16.

Mr. Eric Lerner, attorney for the law firm representing the plaintiff, testified at the April 26 hearing before this Court that on November 16, 1982, when he discussed settlement with Nationwide negotiator Wicks, he was unaware of the arbitration panel's decision. As heretofore noted, Mr. Wicks and Nationwide were unaware of the arbitrators' award. Thus, as the time they negotiated and effected the $15,000.00 settlement, both Lerner and Wicks made a mutual mistake of fact. The settlement contract they made is therefore voidable. *See* Corbin, *Contracts,* § 606–612, at 553–63 (1952). Kotzen and Nationwide are therefore entitled to have the settlement agreement set aside on this basis.

The evidence presented at the April 26 hearing before this Court makes it apparent that Mr. Wicks, the Nationwide agent who negotiated with plaintiff's counsel, was unaware of the posture of the case on November 16, 1982 when he agreed to settle the matter for $15,000.00, $11,000.00 more than the award made to the plaintiff by the arbitrators. However, Mr. Kubert, counsel of record for the plaintiff and the senior partner in the law firm representing the plaintiff, was aware of the arbitrators' award by virtue of his telephone conversation with the chairman of the arbitration panel that heard the case. Mr. Kubert knew of the arbitration award on the morning of November 16, 1982. It was during the afternoon of November 16 that Mr. Lerner, a lawyer in the Kubert firm, and Nationwide negotiator Wicks reached settlement. Although Mr. Lerner testified that he personally did not know of the arbitrators' award at this time, counsel of record for the plaintiff did know of the award. Furthermore, notice of an arbitration award to counsel of record for the plaintiff and to a member of plaintiff's law firm is notice to the entire law firm. Therefore, Mr. Lerner had constructive knowledge of the award which was not given to Mr. Wicks. Consequently, the settlement of $15,000.00 is voidable because plaintiff's counsel constructively knew of the arbitrators' award.

For the reasons heretofore stated, this Court must set aside the settlement between Waller and Kotzen. Because of the involved procedural history of this matter, the Court will give the parties 30 days from the date of this Order in which to demand trial de novo of this case in the event they disagree with the arbitrators' award of $4,000.00 in favor of plaintiff Waller. If neither party demands trial de novo within 30 days of this date, the arbitrators' award shall become a final judgment pursuant to Local Rule 8 of this Court. An appropriate Order will be accordingly entered.