## Katz v. Smith

*Richard Thrasher*, for plaintiffs.
*Ronald Hagarman*, for defendant.

SPICER, *P.J.*, September 30, 1985—Plaintiffs filed a notice of appeal from a district justice judgment on July 1, 1985. Since July 21, 1985 was a Sunday, they were required, under Pa.R.C.P.D.J. 1004 to file a complaint on or before July 22, 1985. Finding it inconvenient to bring his clients in to sign a verification, appellants' counsel requested a one-day extension from appellee's counsel on July 22, 1985. Appellee's counsel refused the request. Appellants' counsel then filed an unverified complaint on that date.

The following day, appellee's counsel filed a praecipe to strike the appeal. Appellants also filed a verified complaint the same day. Pursuant to Pa.R.C.P.D.J. 1006, the prothonotary struck the appeal. Appellants then timely filed a petition to reinstate their appeal.

The court conducted a hearing on September 6, 1985. The sole focus of the hearing was upon the failure to file a verified complaint. The parties were then given leave to file briefs and the court took the petition under advisement. Appellee's brief, for the

first time, raised the issue of noncompliance with Pa.R.C.P.D.J. 1005. That rule requires that proof of service of the notice of appeal be filed within five days from the filing of notice. Although service was promptly made in this case, the proof of service was not filed until July 23, 1985.

This court commented, in Baron v. Beil, 25 Adams Co. L.J. 137 (1983), that the weight of lower court authority is that rules governing district justice practice must be strictly followed. Pa.R.C.P.D.J. 204 states that the rules provide an exclusive and complete procedure for such actions. Thus, until an appeal has been perfected, it appears that the rules of civil procedure have no application.

There have been some county court cases embracing the philosophy of Pa.R.C.P. 126 and overlooking technical deficiencies in requirements for perfection of appeals. Mitch v. Levan, 70 D.&C.2d 413 (1974). However, many more decisions, while recognizing harsh results, nonetheless applied strictly the requirements of Pa.R.C.P.D.J. 1005A and 1005B. Thus, when the proof of service was deficient even to the point of having attached no receipts of mailing, appeals have been stricken. Polybar Corp. v. Weiner, 31 D.&C.3d 320 (1984). These decisions have been extended to questions of reinstatement under Rule 1006. It has been said, "[a]n appeal from a decision of a district justice which has been stricken should be reinstated only under exceptional circumstances." 25 Standard Pennsylvania Practice 2d §130:166, page 595, citing Voynik v. Davidson, 69 D.&C.2d 267 (1975), and Hyde v. Crigler, 10 D.&C.3d 769 (1979).

Pa.R.C.P.D.J. 1006 requires the prothonotary to strike an appeal when either Rule 1004A or 1005B

has been violated. It further provides that the court may reinstate the appeal "for good cause shown."

Appellate cases have made it clear that the inquiry into good cause should focus on substantive, and not procedural, rights. Neither a failure to attach a receipt or a delay in filing a proof of service is sufficient grounds to decline reinstating an appeal. Quarato v. Facelifters, LTD, 305 Pa. Super. 536, 451 A.2d 777 (1982); Katsantonis v. Freels, 277 Pa. Super. 294, 419 A.2d 778 (1980). Both these cases indicate that Pa.R.C.P. 126 philosophy should be followed. Technical deficiencies should be ignored in the interest of a speedy and just determination of the case.

It would appear that the statement in Standard Pennsylvania Practice, supra, is no longer correct. The Superior Court specifically referred to Voynik in Quarato, supra, and declined to follow the rulings of these cases.

Appellee argues that an unverified complaint is a nullity and the prothonotary properly struck the appeal. Appellants argue that the proper method for appellee to have followed would have been to file preliminary objections.

The commentator in 4 Standard Pennsylvania Practice 2d §21:19 states that an unverified complaint cannot support a default judgment or any judgment. This strongly suggests that such a complaint is a nullity. Several county cases are cited as authority. The Superior Court case of Horter v. Cohen, 90 Pa. Super. 174 (1926), is also cited.

The undersigned is reluctant to disagree with Standard Pennsylvania Practice twice in one opinion but must do so. Although Horter certainly does hold as the commentator suggests, it was decided

under the Practice Act of 1915, Act of May 4, 1915, P.L. 483. Under that act, a lack of verification was a substantial and fundamental error.

The rules of civil procedure contain many requirements for complaints, beginning with Rule 1018. These requirements include a caption, paragraphing, signing, verification and standards for averments. Verification is only one of such requirements. Failure to comply with these requirements must be raised by preliminary objections. Failure to do so, with certain exceptions not relevant here, constitutes a waiver under Rule 1032. Furthermore, an incorrect verification has been described in a later Superior Court opinion as being of "a de minimus technical nature that did not prejudice the substantial rights" of defendant. Lewis v. Erie Insurance Exchange, 281 Pa. Super. 193, 421 A.2d 1214, 1417 (1980).

The court concludes that the proper method for appellee to have followed would have been through preliminary objections. We are inclined to agree with appellee's statement that the tardily filed complaint can have no effect on the striking of the appeal. We do not have to address appellants' claim that there has been a waiver of any right to complain about a tardy filing of the return of service. Service was, in fact, made expeditiously and good cause exists for reinstatement.

For reasons previously expressed, the attached order is entered.

## ORDER OF COURT

And now, this September 30, 1985, the appeal is reinstated.