## Rowser v. Stewart

*Julianne M. Keri,* for plaintiff.
*Myron I. Markovitz,* for defendant.

SHAULIS, P. J., February 10, 1986—This matter is before the court on defendant-appellant's petition

to reinstate an appeal after a district justice entered a judgment against him in his absence on May 21, 1985. In addition, appellee has raised the issue of whether appellant's amended petition to reinstate appeal which was filed 11 days after appellee's preliminary objections were filed should be heard or dismissed.

## FACTS

On May 21, 1985, District Justice Melvin M. Wilson entered a judgment for $1,182 for plaintiff-appellee. Defendant filed a timely notice of appeal from the judgment of the district justice on May 31, 1985. This same day a praecipe to enter rule to file a complaint was filed with the prothonotary. On the reverse side of the notice of appeal form, it is stated in bold type:

"PROOF OF NOTICE OF APPEAL AND RULE TO FILE COMPLAINT (This proof of service MUST BE FILED WITHIN FIVE (5) DAYS AFTER filing the notice of appeal, Check applicable boxes.)"

On June 5, 1985, counsel for appellant appeared before a notary public in Johnstown, Pa., completed the proof of notice portion of the notice of appeal on the green duplicate copy and attached the receipts for certified mail dated June 5, 1985, to the notice of appeal.

Appellant's petition to reinstate appeal and request for stay of proceedings states at paragraphs 3 and 4:

"(3) Service of defendant's notice of appeal was timely made by certified mail, return receipt requested, on June 5, 1985, on District Justice Melvin M. Wilson and on plaintiff M. Jane Rowser. Copies of the return receipts are attached hereto and marked exhibit "A."

"(4) For the reason that defendant's counsel maintains an office in Johnstown, Cambria County, Pa., defendant's proof of service was mailed to the prothonotary on June 5, 1985, rather than hand-delivered as of June 5, 1985."

The copies of the return receipts show that District Justice Wilson received the notice of appeal on June 7, 1985, and plaintiff received her notice on June 8, 1985. Plaintiff's attorney also verified the fact that plaintiff had received her notice of appeal on June 8, 1985.

On June 25, 1985, plaintiff filed a praecipe to strike the appeal because, of appellant's failure to comply with Pa.R.C.P.D.J. 1005(b) which requires that defendant file with the prothonotary proof of service of the copies of the notice of appeal and rule to file complaint within five days after filing the notice of appeal on May 31, 1985.

Defendant's counsel filed a petition to reinstate appeal and request for stay of proceedings on August 15, 1985.

Defendant contends that he elected to file the required proof of service by mail and the fact that it was not docketed by the prothonotary until June 12, 1985, places no additional burden on plaintiff or the court. Furthermore, Pa.R.C.D.J. 1006 permits the court to reinstate the appeal upon good cause shown.

At the argument on October 8, 1985, regarding preliminary objections and reinstatement of appeal, plaintiff raised the issue of whether the petition should be heard or dismissed. The preliminary objections centered around the fact that the petition was not verified. Eleven days after the preliminary objections were filed, defendant filed an amended petition with a verification.

## ISSUES

Is a petition to reinstate appeal and request for stay of proceedings a pleading encompassed by Pa.R.C.P. 1024, and must therefore be verified as is required by the rule?

Is rule 1005(b) Pa.R.C.P.D.J., which requires appellant to file proof of service of the notice of appeal and of the rule within five days after filing of the notice of appeal, complied with where appellant's counsel on the fifth day appears before a notary public and provides a sworn, written statement that service was made by certified mail and certified receipt is dated and attached to the proof of notice of service section of the notice of appeal?

## DISCUSSION

A petition for the special allowance to take an appeal from a judgment of a magistrate or justice of the peace under the Act of May 17, 1956, need not be verified as a pleading in the manner required by rule 1024. *Bowman v. Bolich,* 18 D.&C.2d 762 (1959); 2A Anderson Pa. Civ. Prac. 1024.1 (1969 and 1984 Supp.).

Pa.R.C.P. 1017(a) defines *pleadings* as (a) the pleadings in an action are limited to a complaint, an answer thereto, a reply if the answer contains new matter or a counterclaim, a counter-reply if the reply to a counterclaim contains new matter, a preliminary objection and an answer thereto.

In summary, pleadings are limited to a complaint, answer thereto, counterclaim, reply, counter reply and preliminary objections. Pa.R.C.P. 1024 requires that pleadings be verified according to the mandates of the rule. Since the petition in question is not a pleading encompassed by the rule, it is not subject to the mandates of that rule. The petition to

reinstate appeal was signed by defendant's counsel who is not a stranger to the proceedings and clearly shows the attorney-client relationship existing between the parties. Since this petition did not have to be verified in the first place, the fact that the amended petition was filed 11 days after the filing of plaintiff's preliminary objections is of no consequence; however, it would appear to cure the defect if there were one. See Pa.R.C.P. 1024-12.

This case is similar to *Quarato v. Facelifters Ltd.,* 305 Pa. Super. 536, 451 A.2d 777, 778 (1982) in that no serious question exists as to whether appellees received notice that the appeal had been taken since the record contained copies of two receipts which presumably evidenced receipt of the notice of appeal and the rule to file a complaint. In the instant case, the record contains the return receipts and shows that both plaintiff and the district justice received notice of appeal on June 7 and 8, 1985.

Rule 1005(b) Pa.R.C.P.D.J. requires that appellant file "proof of service" of the notice of appeal and of the rule within five days after the notice of appeal has been filed. The notice of appeal in this case was filed with the prothonotary on May 31, 1985.

"Rule 1001 defines 'proof of service' as 'a sworn, written statement that service was made by personal service or by certified or registered mail attached thereto if service was made by mail.' (emphasis added)." *Quarato v. Facelifters Ltd.,* supra at 778.

The court went on to discuss that Pa.R.C.P. 126 states that "these rules are to be construed liberally 'to secure that just, speedy and inexpensive determination' of cases, and that the court 'may disregard any error or defect of procedure which does not affect the substantial rights of the parties.'" Id.

The Commonwealth Court in *Americans Be Independent v. Commonwealth of Pennsylvania,* 14 Pa.

Commw. 179, 321 A.2d 721 (1974) overlooked a failure to file an affidavit of service of process within the prescribed time, where the other side had in fact received the required notice. Our Supreme Court has in *Pomerantz v. Goldstein,* 479 Pa. 175, 387 A.2d 1280 (1978) endorsed and explained the policy of liberal interpretation expressed in rule 126. Appellant further refers us to *Hyde v. Crigler,* 10 D.&C.3d 769 (1979) in which the court ordered an appeal reinstated where the proof of service was not filed within five days, but timely notice had in fact been received by the appellees in that case, as in our present case."

The court went on to conclude in that case that since appellees did receive notice of the appeal and rule to file a complaint, justice would be served and the principles enunciated in rule 126 would be correctly applied if the appeal were to be reinstated.

Since appellees did receive notice of the appeal and rule to file a complaint, we believe that justice will be served and principles of rule 126 correctly applied by reinstating the appeal in this case.

## ORDER

Now, this February 10, 1986, it is hereby ordered that appellee's praecipe to strike appeal is quashed and appellant's appeal is hereby reinstated.