## Wodaski v. Mack

*J. Joel Turrell*, for plaintiff.
*John J. Terrana*, for defendants.

GARDNER, *P.J.*, May 20, 1986 — Plaintiff, dissatisfied after a loss before a district justice of the peace, filed a pro se appeal to this court and then, notwithstanding the requirements of Pa.R.C.P.J.P. 1004A, praeciped defendants to file a complaint. Following this triumph of self-representation, plaintiff employed counsel, who filed a complaint to which defendants filed an answer raising new matter.

Defendants, instead of praeciping plaintiff to file a complaint or suffer entry of a judgment of non pros under the provisions of Pa.R.C.P.J.P. 1004B, filed a motion for judgment on the pleadings, and that motion is now ready for disposition.

We perceive the real question to be whether plaintiff was still enabled to file a complaint in belated compliance with rule 1004A because of the failure of defendants to pursue the provisions of rule

1004B.[1]

It is our opinion, in the absence of any assertion that a substantial right of defendants is affected, that the rule should be construed liberally, and in such light this matter should be treated as a reinstatement of the appeal. See *Quarato v. Facelifters Ltd.*, 305 Pa. Super. 536, 451 A.2d 777 (1982). Also, see our opinion dated June 26, 1974, in *Hilbert v. Peacock*, 89 January term, 1974, C.P. Wyoming County Branch, 44th Judicial District of Pennsylvania.

We are bolstered in our extension of the liberal interpretation position by the action taken by President Judge Wolfe in *N. K. Wendelboe Co. v. Cobb*, 11 D.&C.3d 616 (1979), which opened a judgment of non pros taken under rule 1004B, where a pro se plaintiff failed to timely file a complaint, even though Judge Wolfe recognized that his action had "the practical effect of extending the time to file the complaint or other action that is necessary and thus the rule is completely deteriorated and of little value."

Notwithstanding the fact that we may well be adding to further deterioration of the rule by this decision, we feel that the interests of justice require a dismissal of defendants' motion.

## ORDER

And now, May 20, 1986, for the reasons set forth in the opinion of even date filed herewith, it is ordered that the motion for judgment on the pleadings filed by defendants in the above captioned matter be and the same is denied.

---

1. We do not address the difficulties which are encountered in attempting to fit this procedural morass into the ambit of a motion for judgment on the pleadings, an inapt device to raise the true issue of the instant matter.