## Stephens v. Callaghan

*Stephen R. Krone,* for plaintiff.
*C. Joseph Rehkamp,* for defendant.

QUIGLEY, *P.J.,* July 14, 1986—This matter comes before the court on a rule to show cause why

defendant should not be permitted to carry on with his appeal from judgment by District Justice Maguire. On December 19, 1985, District Justice Maguire rendered a judgment in favor of plaintiff, Callaghan. On January 14, 1986, Stephens who was apparently unrepresented filed a notice of appeal. The next day, Wednesday, January 15, 1986, Mr. Stephens served Mr. Callaghan and District Justice Maguire by certified mail. On Friday, January 17, 1986, Appellant Stephens received the green signature card from the U.S. Postal Service. On Tuesday, January 21, 1986, appellant had a copy of the appeal notarized and mailed it and the proof of service with the attached green signature cards to the prothonotary's office. On Wednesday, January 22, 1986, proof of service was received in the prothonotary's office.

Since it is conceded that appellant filed the proof of service in an untimely manner, the issue before the court is whether or not appellant has shown good cause for his failure to file the proof of service on time. Pa. R.C.P.D.J. 1005(B) states:

"The appellant shall file with the prothonotary proof of service of copies of his notice of appeal, and proof of service of a rule upon the appellee to file a complaint if required to request such a rule by Rule 1004(B), within five days after filing the notice of appeal."

The note to Rule 1005 states:

"As to sub-division B there is no return receipt requirement for service by certified or registered mail and consequently no such receipt need be filed with the prothonotary, although if service is by certified or registered mail, the *sender's* receipt must be attached to the proof of service."

Under the definitions to Rules 1001-1008 a footnote directs that the rules in the 200 Series will also

apply to this chapter of the Rules of Civil Procedure governing actions and proceedings before District Justices. Pa. R.C.P.D.J. 203A states:

"When any period of time is referred to in any Rule, such period in all cases, except as otherwise provided in sub-division B of this rule, shall be so computed as to exclude the first and include the last day of such period. Whenever the last day of any such period shall fall on Saturday or Sunday, or on any day made a legal holiday by the laws of this Commonwealth or of the United States, such day shall be omitted from the computation."

Pa. R.C.P.D.J. 1006 states:

"Upon the failure of the Appellant to comply with Rule 1004 or Rule 1005(b), the Prothonotary shall, upon praecipe of the Appellee, mark the appeal stricken from the record. The Court of Common Pleas may reinstate the appeal upon good cause shown."

The notes to Rule 1006 explains that this Rule is intended to provide sanctions for failing to act within the time limits prescribed. Prior to 1980, the note to Rule 1006 also included the following sentence: "The Appeal should be reinstated only under exceptional circumstances." Obviously, this change signals a lessening of the quality or degree of the cause needed to establish a right to reinstatement from exceptionally good before the change, to "ordinary" good cause thereafter.

Although not many decisions have been rendered discussing this issue, the courts have become more lenient with these rules in recent years. In Quarato v. Face Lifters L.T.D., 305 Pa. Super. 536, 451 A.2d 777 (1982), the Superior Court held that even though the affidavit of appellant's counsel did not fully comply with Justice of the Peace Rule in that

sender's receipt of certified or registered mail was not attached thereto, justice was served by reinstating the appeal since appellees did receive notice of the appeal and rule to file a complaint. The court believed since the appellees had received notice that the appeal had been taken, Pa. R.C.P. 126 governed. Rule 126 states that these rules are to be construed liberally "to secure the just, speedy, and inexpensive determination" of cases, and that the court "may disregard any error or defect of procedure which does not affect the substantial rights of the party."

The Superior Court reviewed several prior court of common pleas cases in which judges conceded that the results appeared to be harsh, but felt duty bound to enforce a rule of the Supreme Court. This decision by the Superior Court appears to relax the harshness of these technical rules by justifying the reinstatement of appeals if the error or defect of procedure does not affect the substantial rights of the parties.

In the case at bar, appellant served the appellee and the district justice by certified mail the day after he filed an appeal. Appellee admits in his answer to the rule to show cause that he did receive notice of the appeal on that date. Based on a reading of Quarato v. Face Lifters and the elimination of the sentence under the note to Rule 1006 requiring an appeal be reinstated only under exceptional circumstances, it appears appropriate to reinstate the appeal.

## ORDER

And now, July 14, 1986, for the reasons set forth in the within memorandum, the appeal is reinstated.