## J.A. Robinson Automotive Center v. Hunsberger

*Paul S. Cherry,* for plaintiff.
*Christopher B. Sessa,* for defendant.

KELTON, *J.,* December 4, 1989 — Plaintiff, Robinson Automotive Center, has appealed to the

Superior Court from an order entered by this court reinstating defendant Hunsberger's appeal from a district justice judgment.

The questions on appeal relate to whether "good cause" existed under Pa.R.C.P.D.J. 1006 to reinstate defendant's appeal.

It is undisputed by the parties that the action instituted by plaintiff was for property damage as a result of an automobile accident on September 7, 1988; that at a hearing scheduled for May 30, 1989, which both plaintiff and defendant and their respective attorneys attended, District Justice Kelly recused himself. The matter was then postponed, and both parties were informed that they would be notified of the next hearing date.

It is further undisputed that the subsequent hearing was scheduled for July 6, 1989; that notice was sent to defendant at his home address; that counsel for defendant was never notified of this new hearing; and that plaintiff's counsel was aware that defendant was at all times in this action represented by counsel, namely, Christopher B. Sessa, Esq.

On July 6, 1989, without representation of counsel, judgment was entered against defendant in this matter. Thereafter, on August 2, 1989, defendant filed a notice of appeal from the district justice judgment, and a copy was sent both to plaintiff and the district justice.

On August 23, 1989, plaintiff filed a praecipe to strike defendant's appeal because proof of service of notice of appeal was not filed in the prothonotary's office within five days of August 2 as required by Pa.R.C.P.D.J. 1005B. On August 31, 1989, a writ of execution was issued. Defendant filed a petition to reinstate the appeal. Plaintiff answered the petition and ordered the matter down for argument

without seeking depositions under Pa.R.C.P. 209(b). However, virtually all of the averments of defendant's petition to reinstate were either admitted directly or not denied in plaintiff's answer.

In accordance with Pa.R.C.P.D.J. 1006, we found good cause to reinstate defendant's appeal.

## DISCUSSION

### I

The purpose of procedural rules is to provide evenhandedness with regard to all parties in an adversary situation. Pa.R.C.P. 126 states that:

"The rules [Pa.R.C.P.] shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable. The court at every stage of any such action or proceeding may disregard any error or defect of procedure which does not effect the substantive rights of the parties."

In the instant action, the applicable rule is Pa.R.C.P.D.J. 1006 which provides for the reinstatement of appeals after they have been stricken, upon a showing of good cause.*

In *Quarato v. Facelifters Ltd.*, 305 Pa. Super. 536, 451 A.2d 777 (1982), a case very similar to the instant action, appellant's counsel did not comply with a justice of the peace rule which requires attaching a receipt of certified or registered mail to the affidavit. Counsel's failure to do so resulted in the dismissal of the appeal. The court in *Quarato*

---

* Rule 1006 states that:

"Upon failure of the appellant to comply with rule 1004A or rule 1005B, the prothonotary shall, upon praecipe of the appellee, mark the appeal stricken from the record. The court of common pleas may reinstate the appeal upon good cause shown."

held that "justice was served by reinstating the appeal since appellees did receive notice of the appeal." The same is true in the instant action. Reinstating the appeal does not deprive either party of substantive rights. Rather, it affords the parties the opportunity to have the case decided on its merits and, as such, is in harmony with the spirit of rule 126.

## II

We also believe that for reasons of fairness and evenhandedness, the appeal should be reinstated. Plaintiff's answer to defendant's petition to reinstate the appeal does not deny that counsel for defendant had no notice of the hearing before District Justice Vislosky and was not present at that hearing. Although plaintiff's counsel may be technically correct in his argument that defendant himself was aware of the hearing, we find that the record is entirely unclear as to whether defendant's counsel, Christopher B. Sessa, Esq., ever received notice. At argument, there was a dispute between counsel as to some of the factual issues surrounding notice. Instead of attempting to make a credibility finding between the respective contentions at argument, we believe it is more appropriate to permit the litigants to try the case on the merits with each represented by counsel. See Rule of Professional Conduct 4.2 and *Waller v. Kotzen*, 567 F.Supp. 424 (E.D. Pa. 1983).

We found that there was cause to reinstate the appeal for the foregoing reasons.