## Romain v. Patrick

*Stephen E. Geduldig,* for plaintiff.

*Donald R. Dorer,* for defendant.

DOWLING, *J.,* June 15, 1993—

> *Diligence is always valuable, particularly in defending causes.... It is the one virtue that contains in itself all the rest.*

We have defendant's petition to reinstate a district justice appeal. The relevant facts are as follows:

On May 12, 1991, Mark J. Romain, the plaintiff's son, was involved in an automobile accident while driving his mother's car. Mrs. Romain's automobile was damaged as a result of this collision. Defendant, Gary L. Patrick Jr., was the driver of the vehicle which struck the Romain automobile.

Judgment was entered in favor of the plaintiff and against the defendant in the amount of $3500.04 by District Justice Solomon following a hearing on November 27, 1991. On December 6, 1991, the defendant filed a notice

of appeal from district justice judgment and a praecipe to enter rule to file complaint. Proof of service of defendant's notice of appeal and rule to file complaint were not filed within the five days of the notice of appeal and rule to file complaint as required by Pa.R.C.P.D.J. 1005B. On January 8, 1992, the plaintiff filed a praecipe to mark the appeal stricken pursuant to Pa.R.C.P.D.J. 1006 for defendant's failure to comply with Rule 1005B. A praecipe to file affidavit of service was filed on January 13, 1992. A second praecipe was filed by the plaintiff on August 10, 1992, requesting that the defendant's appeal be stricken pursuant to Rule 1006 and that judgment be entered in favor of the plaintiff in the amount of $3500.04. A petition to reinstate the district justice appeal was filed on behalf of the defendant on August 25, 1992. A rule to show cause was issued on August 31, 1992, and an answer to this petition was filed on September 14, 1992. This matter is now before the court for disposition.

The defendant claims that his petition should be granted since a copy of the notice of appeal from district justice judgment was mailed to the plaintiff's counsel on the date that this document was filed with the prothonotary. The defendant maintains that the plaintiff admits receiving timely notice of the appeal. See paragraph 2, answer to petition to reinstate district justice appeal. The defendant concludes that his failure to comply with Rule 1005B's requirement that proof of service of the notice of appeal and the rule to file a complaint be filed with the prothonotary within five days after the filing of the notice of appeal did not result in any prejudice to the plaintiff. Furthermore, the defendant states that the pendency of two related lawsuits demonstrates the plaintiff's

lack of prejudice as the result of the defendant's non-compliance with this rule.

The plaintiff contends that the instant petition should be denied since the defendant has not acted in good faith and in a timely and reasonable manner. The praecipe to mark the appeal stricken for failure to comply with Rule 1005B was filed on January 8, 1992. The defendant did nothing for approximately seven months and filed the petition to reinstate the appeal only after the plaintiff filed the praecipe to enter judgment in favor of the plaintiff in the amount of the district justice's award. The plaintiff further claims that the defendant has failed to show good cause as to why the appeal should be reinstated.

Pa.R.C.P.D.J. 1006 provides that the court of common pleas may reinstate an appeal upon good cause shown. The Superior Court in *Anderson v. Centennial Homes Inc.,* 406 Pa. Super. 513, 594 A.2d 737 (1991), acknowledged that there is no precise definition of "good cause" and that the determination of whether good cause has been demonstrated is entrusted to the trial court's discretion.

The defendant has failed to explain why he did not file the proof of service within the five-day period following the filing of the notice of appeal. The notice of appeal was filed on December 6, 1991, and the proof of service was not filed until January 9, 1992, the day after the plaintiff filed the praecipe to mark the appeal stricken for failure to comply with Rule 1005B. The defendant has failed to explain why service of the notice of appeal and the praecipe to enter rule to file complaint was not attempted until December 23, 1991, which was more than five days from the date that the notice of appeal

was filed. Rule 1005B is mandatory and states that the appellant shall file with the prothonotary proof of service of copies of his notice of appeal and proof of service of a rule upon the appellee to file a complaint. We are constrained to deny the petition to reinstate the appeal. We would note that the two cases most relied upon by the defendant, *Quarato v. Face Lifters, Ltd.,* 305 Pa. Super. 536, 451 A.2d 777 (1982), and *Katsantonis v. Freels,* 277 Pa. Super. 294, 419 A.2d 778 (1980), are distinguishable in that the spirit of Rule 1005B was followed in those cases. In *Quarato,* the appellant's only error was the failure to attach the sender's receipt to the proof of service and in *Katsantonis,* the proof of service was filed one day late. In both cases, the court granted the petition to reinstate the appeal by following Rule of Civil Procedure 126 which provides that the court may disregard any error of procedure to secure the just determination of cases.

In this case, the errors of procedure are not so inconsequential as to indulge the defendant's request.

*Diligentia, inquam, quae cum omnibus in rebus tum in causis defendendis plurimum valet ...*
*diligentia, qua una virtue omnes virtutes reliquae continentur.*

Accordingly, we enter the following

### ORDER

And now, June 15, 1993, the petition to reinstate the appeal filed on behalf of the defendant, Gary L. Patrick Jr., is denied.