**Gamble v. Emperador**

*J. Scott O'Keefe,* for plaintiff.
*Joseph C. Huttemann,* for defendant.

DAVENPORT, *S.J.* November 29, 1994—Defendant appeals from this court's order, denying defendant's petition to reinstate an appeal. See order of September 23, 1994, filed September 28, 1994. The court issued its order only after careful consideration of the parties' briefs, and oral argument in open court on September 21, 1994.

Rule 1006, Pa.R.A.P., Rules of District Justices, provides that the prothonotary shall strike an appeal where appellant has failed to comply with the provisions of sections 1004(A) and 1005(B) of the District Justice Rules. 42 Pa.R.D.J. 1006. Section 1005(B) of the District Justice Rules requires that the appellant file proof of service of the notice of appeal and rule to file complaint upon the appellee and the district justice within 10 days of filing of the same. 42 Pa.R.D.J. 1005(B). The defendant failed to comply with the requirements of Rule 1005(B).

While Rule 1006 allows for the striking of an appeal, Rule 1006(A) provides for the reinstatement of appeals upon a showing of good cause. 42 Pa.R.D.J. 1006(A). Defendant petitioned to reinstate the appeal claiming he had established good cause. This court disagreed with defendant, and thus, denied defendant's petition.

In defendant's concise statement, the defendant contends that the court erred in finding no good cause for reinstating the appeal, see defendant's concise statement, paragraphs 1-4, cites two cases in support of the appeal. See *Quarato v. Facelifters Ltd.,* 305 Pa. Super. 536, 451 A.2d 777 (1982), concise statement, paragraph 2; and *Felker v. Seashock,* 47 D.&C.3d 126 (1987), concise statement, paragraph 3.

In *Quarato,* a justice of the peace entered judgment in favor of plaintiffs on June 30, 1982. The defendants appealed to the court of common pleas on July 11,

1980, and on July 14, notice of the appeal and a rule to file a complaint were filed with the prothonotary, together with an affidavit by appellant's counsel stating that he had served appellees with the notice of appeal and the rule to file complaint by certified or registered mail, "sender's receipt attached hereto." See *Quarato v. Facelifters Ltd., supra* at 537, 451 A.2d at 778. In fact, no sender's receipt was attached to the notice of appeal or the rule to file a complaint. Instead, the receipts were found attached to a praecipe for judgment filed by the appellants approximately two months later on September 3, 1980.

In *Quarato,* except for misplacing receipts, the appellants complied with every aspect of the law. Appellants were respectful to the courts, and in their petition to reinstate made no attempt to defend their oversight. See *Quarato v. Facelifters Ltd., supra* at 538, n.1, 451 A.2d at 778 n.1.

Such is not the case in the matter now before the court. The appellants have blamed everyone but themselves for the failure to comply with the court's rules. Appellant blames the Prothonotary of Montgomery County, see defendant's memorandum in support of defendant's petition to reinstate appeal, page 3; the postal service, *Id.;* and the weather. *Id.*

Next, the defendant cites to *Felker v. Seashock, supra,* in which the appellant neglected to file proof of service until 12 days after it was due. The appeal was reinstated on the basis that the petitioner's counsel, who had never filed such an appeal previously, was unaware of the time constraint. The court felt that in that particular case, the defendant should not be punished for the neglect of his counsel. Moreover, the court's opinion in *Seashock* cited to counsel's "forthrightness and honesty in admitting he was unaware of the procedure involved

in an appeal...." *Felker v. Seashock, supra* at 128. *Seashock* can be distinguished from the instant appeal by virtue of the fact that counsel for the instant defendant has been anything but forthright and honest with the court in attempting to excuse the oversight. Instead counsel implies that the prothonotary, the postal service, and mother nature conspired to interfere with the successful filing of his appeal.

Finally, in both cases cited by appellants, the failure to provide for proof of service was the one and only flaw. In the case now before the court, in addition to blaming the procedural flaw on everyone but himself, counsel for appellant failed to appear at the district justice's office, failed to properly fill out and pay for the notice of appeal, failed to timely serve the district justice and appellee, and never filed proof of service.

Consequently, the appellant's petition to reinstate was properly denied by the court, and the decision should be affirmed.