524 A.2d 940

**JAY DEE DEPARTMENT STORE, INC.**

v.

**SOUTH PENN GAS CO., Appellant.**

Superior Court of Pennsylvania.

Argued Jan. 14, 1987.

Filed April 22, 1987.

---

James D. Jordan, Media, for appellant.

Eric S. Coates, Oxford, for appellee.

Before CIRILLO, President Judge, and ROWLEY and HOFFMAN, JJ.

## OPINION OF THE COURT

ROWLEY, Judge:

A default judgment was entered against appellant by a District Justice and appellant filed an appeal to the Court of Common Pleas by mailing the appropriate notice to the Prothonotary. The appeal was docketed; however, appel-

lant failed to file proof of service of the notice of appeal within 5 days as required by Pa.R.C.P.D.J. 1005.B. Upon appellee's praecipe, and in accordance with Pa.R.C.P.D.J. 1006, the trial court entered an order striking the appeal on July 12, 1985. Appellant filed a motion to strike the July 12 order and reinstate its appeal. On December 10, 1985 the trial court denied appellant's motion to reinstate the appeal. Appellant next filed a motion for post-trial relief which contained a petition to reconsider the order of December 10. No action was taken by the trial court until May 5, 1986, when the court denied appellant's petition to reconsider. This appeal is taken from the May 5 order.

 As always, our first task on review is to determine whether an appeal is properly before us. *See Sipowicz v. Sipowicz*, 358 Pa.Super. 319, 517 A.2d 960 (1986) (reviewing court may address issues of appealability and jurisdiction sua sponte). We hold that the December 10, 1985 order, denying appellant's motion to reinstate its appeal to the Court of Common Pleas, was a final order for purposes of appeal to our Court and that appellant's failure to appeal within 30 days of the entry of the December 10 order requires to us to conclude that the present appeal must be quashed as untimely.

> [A] final appealable order is one which ends the litigation or disposes of the entire case. *Piltzer v. Independence Federal Savings and Loan Association of Philadelphia*, 456 Pa. 402, 319 A.2d 677 (1974). An order will also be treated as final if the practical consequence is, in effect, to put an appellant out of court, or if it precludes an appellant from presenting the merits of the claim to the lower court. *Pugar v. Greco*, 483 Pa. 68, 394 A.2d 542 (1978)

*Grossman v. Commissioner of Police*, 318 Pa.Super. 584, 589, 465 A.2d 1007, 1010 (1983). *See also Bracken v. Bracken*, 294 Pa.Super. 371, 439 A.2d 1247 (1982); *Rohr v. Keystone Insurance Co.*, 294 Pa.Super. 179, 439 A.2d 809 (1982).

In *Wilkes-Barre Clay Products Co. v. Koroneos*, 342 Pa.Super. 582, 493 A.2d 744 (1985) the trial court granted a motion to reinstate an appeal to the Court of Common Pleas from a default judgment entered by a district magistrate. Our Court held that the order granting reinstatement of the appeal was not a final one since it brought appellant into the trial court for a *de novo* hearing on the merits of its claim. The Court noted that an order granting reinstatement of an appeal was to be distinguished from an order denying reinstatement of an appeal, which, in the words of the Court, is "clearly appealable. *See Quarato v. Facelifters, Ltd.*, 305 Pa.Super. 536, 451 A.2d 777 (1982); *City of Easton v. Marra*, 230 Pa.Super. 352, 326 A.2d 637 (1974)." *Wilkes-Barre Clay Products v. Koroneos, supra*, 342 Pa. Superior Ct. at 586, n. 2, 493 A.2d at 746, n. 2.[1] The Court also found that the order could not be appealed pursuant to Pa.R.A.P. 311(a)(1) because "[a]n appeal of a judgment as of right to a trial de novo in a higher tribunal is simply not the same, procedurally or substantively, as a petition asking the tribunal which entered a default judgment to exercise its equitable powers to open that judgment." *Id.*, 342 Pa.Superior Ct. at 585, 493 A.2d at 746.

In the present case, the order denying appellant's motion to reinstate its appeal is final since it precluded appellant from having its case tried *de novo* in the Court of Common Pleas. Appellant should have taken an appeal from the December 10 order; instead, it sought reconsideration of the order. When it became apparent that the trial court would not act on the request for reconsideration within the time in which appellant could have taken an appeal, appellant should have appealed. *See* Pa.R.A.P. 1701(b)(3) (trial court may grant reconsideration of order subject to appeal if application is timely filed and an order expressly granting reconsideration is filed in the trial court within the applica-

---

1. We do not rely on the cases cited in *Wilkes-Barre* as authority for quashing the appeal since those cases did not discuss the appealability of the order in question, but, instead, addressed the merits of the appeal. However, the cases do support our disposition since in every case the reviewing court must determine whether an appeal is properly before it. *Sipowicz v. Sipowicz, supra.*

ble time period); *Provident National Bank v. Rooklin,* 250 Pa.Super. 194, 378 A.2d 893 (1977) (petition to reconsider grant of summary judgment did not toll appeal period where trial court did not grant reconsideration under Pa.R. A.P. 1701).[2]

Appeal quashed.

**2.** Because our ruling today disposes of the case, we need not decide whether the order of July 12, 1985 was a final, appealable order. However, we note that under Pa.R.C.P.D.J. 1006, appellee was not required to secure an order of court to strike the appeal to the Court of Common Pleas for appellant's failure to comply with Pa.R.C.P.D.J. 1005.B. Rule 1006 provides:

Upon failure of the appellant to comply with Rule 1004A or Rule 1005B, the prothonotary shall, upon praecipe of the appellee, mark the appeal stricken from the record. The court of common pleas may reinstate the appeal upon good cause shown.