557 A.2d 464

Gary L. Babin and Barbara N. Babin and TKC Ltd. Inc. d/b/a The King of Clubs Health Spa a/k/a The King of Clubs, Appellants *v.* City of Lancaster, Appellee.

Argued April 6, 1989, before Judges COLINS and SMITH, and Senior Judge BARBIERI, sitting as a panel of three.

*Marvin Beshore,* with him, *Luther E. Milspaw, Jr., Milspaw* & *Beshore,* for appellants.

*William C. Crosswell, Morgan, Hallgren, Crosswell & Kane, P.C.*, Assistant City Solicitor, for appellee.

OPINION BY SENIOR JUDGE BARBIERI, April 28, 1989:

Gary L. Babin, Barbara N. Babin and TKC Ltd. Inc., d/b/a The King of Clubs Health Club a/k/a The King of Clubs (Appellants) appeal the order of the Court of Common Pleas of Lancaster County granting the petition of the City of Lancaster (Appellee) which requested that judgment be entered against Appellants in the amount of $170,200.00 in accumulated fines and that the Prothonotary pay over to Appellee all funds which Appellant had posted as security for a supersedeas previously granted by the trial court. We affirm the trial court.

This Court's prior decision in *Babin v. City of Lancaster (Babin I)*, 89 Pa. Commonwealth Ct. 527, 493 A.2d 141 (1985), serves as the factual background to the instant case. On October 8, 1980, the Zoning Hearing Board of the City of Lancaster (Board) granted Appellants a special exception to operate a health spa. An investigation conducted by the Zoning Officer of Lancaster concluded that Appellants were in fact operating a massage parlor. When Appellants failed to respond to a notice of violation issued by the Board, Appellee filed a complaint in equity seeking an order permanently enjoining Appellants from operating a massage parlor.

On October 4, 1983, the trial court entered a decree *nisi* permanently enjoining Appellants from operating the business in which they were engaged, but permitting operation of a business which would comply with the special exception granted. Gary and Barbara Babin were fined $1000.00 apiece. The trial court's order further provided that any failure to comply with its order would result in a fine of $200.00 per day. Appellants filed exceptions and on January 10, 1984, the trial court entered a modified decree *nisi* permanently enjoining Appellants from oper-

ating any business on the premises and re-affirming its previous order concerning the $200.00 per day fine.

Appellants continued operating their business and appealed to the Superior Court which transferred the matter to this court. On January 13, 1984, Appellants filed an application for supersedeas pending appeal, which application was uncontested. On January 13, 1984, the trial court entered an order stating that

a supersedeas is granted pending the outcome of the Defendants' appeal, provided that the Defendants shall deposit with the Office of the Prothonotary of the Court of Common Pleas of Lancaster County, appropriate security in the amount of $11,000.00 . . . .

(R. 30). This security was posted.

Upon subsequent petitions by Appellee, security was increased to a total of $40,000.00 by orders of the trial court dated December 18, 1984 and June 20, 1985. Appellants posted security in this amount. On May 29, 1985, this Court affirmed the trial court in *Babin I* and Appellants filed a petition for *allocatur*. On May 7, 1986, the trial court ordered security to be increased by a further $50,000.00. This order was not complied with. On May 8, 1986, *allocatur* was denied. Upon receipt of this order, Appellants ceased operation of their business on May 15, 1986.

It is uncontroverted that Appellants operated their business for 851 days in violation of the trial court's modified decree *nisi* under a grant of supersedeas. The issue is whether the $200.00 per day fine the trial court assessed against Appellants continued to run during this time period from the date supersedeas was granted until *allocatur* was denied and Appellants closed down their business. On July 3, 1986, Appellee petitioned the trial court to enter judgment in its behalf in the amount of

$170,200.00, representing 851 days of operation multiplied by a fine of $200.00 per day. The trial court granted this petition and ordered that the $40,000.00 Appellants had posted as security for the supersedeas with the Prothonotary be paid over to Appellee in partial satisfaction of this judgment, less $2000.00 needed to pay the individual fines assessed against Gary and Barbara Babin.

Appellants assert that they cannot be assessed daily fines during the time period they were operating under a supersedeas. They argue that the trial court cannot simultaneously permit Appellants to operate a business and then fine them for such operation. Appellants contend that the trial court's grant of supersedeas operated as a stay and halted the running of the $200.00 *per diem* fine during the pendency of their appeal. Thus, we are asked to decide whether a grant of supersedeas pending appeal inhibits the trial court's power to render judgment against Appellants by decree *nisi* and impose daily fines for violation of such judgment.

In *Wilkes-Barre Clay Products Co. v. Koroneos*, 342 Pa. Superior Ct. 582, 493 A.2d 744 (1985), the court noted at 342 Pa. Superior Ct. 582, 586 n.1, 493 A.2d 744, 746 n.1 that:

> . . . a supersedeas merely stays execution on the judgment during the pendency of the appeal (*see* Pa. R.C.P. D.J. 1001(4)); it does not open, strike off or vacate the judgment or otherwise remove the judgment from the record or render it invalid.
>
> . . .

Similarly, in *Young J. Lee, Inc. v. Department of Revenue, Bureau of State Lotteries*, 504 Pa. 367, 372, 474 A.2d 266, 268 (1983),[1] our Supreme Court, com-

---

[1] On remand *Lee v. Bureau of State Lotteries, Department of Revenue*, 89 Pa. Commonwealth Ct. 213, 492 A.2d 451 (1985), *appeal denied* 517 Pa. 626, 538 A.2d 878 (1988).

menting on the tendency to use the terms stay and supersedeas interchangeably, noted that "(a) stay, like a supersedeas, is an auxiliary process designed to supersede or hold in abeyance the enforcement of the judgment of an inferior tribunal," *citing Conston v. New Amsterdam Casualty Co.*, 366 Pa. 219, 77 A.2d 603 (1951).

Our Courts have consistently held that the grant of a supersedeas pending appeal postpones the *enforcement* of the order or regulation complained of. *See Abramson v. Public Utility Commission*, 489 Pa. 267, 414 A.2d 60 (1980); *Commonwealth v. Miller*, 306 Pa. Superior Ct. 468, 452 A.2d 820 (1982); *Tracey Mining Co. v. Commonwealth*, 117 Pa. Commonwealth Ct. 628, 544 A.2d 1075 (1988). Nothing in these cases or in Pa. R.A.P. 1731, 1732 or 1733 states that a supersedeas pending appeal has any effect on the trial court's judgment other than to delay enforcement, or in this case collection, until the appeal taken has been resolved.

We believe the key language in the trial court's order is supersedeas *pending appeal*. The trial court found that Appellants were engaging in illegal conduct and prohibited them from continuing in business on pain of daily fines. Appellants chose to continue in business thereby knowingly violating the trial court's order while they prosecuted an appeal. The entry of a supersedeas does not make Appellants' conduct any less illegal or in any way vacate or remove the trial court's sanctions for continuing to engage in illegal conduct. The trial court's order and sanctions remain on the books pending the resolution of the appeal. Supersedeas merely delays the execution of the order and accompanying sanctions.

In sum, Appellants made a knowing decision to continue in business for 851 days under an order that imposed a $200.00 per day sanction for this conduct while prosecuting an appeal. This order was never stricken or

overturned during the pendency of this appeal. Since this order remained in effect for every one of the 851 days that Appellants operated, and Appellants' appeal and supersedeas have ended, Appellants must now pay the piper.

. ORDER

NOW, April 28, 1989, the order of the Court of Common Pleas of Lancaster County at No. 22 Equity Docket, dated March 30, 1988, is hereby affirmed.