388

*669 A.2d 402*

Joseph MUNN

v.

Paul **SCHELLENBERGER**, Appellant.

Superior Court of Pennsylvania.

Argued Oct. 12, 1995.

Filed Jan. 3, 1996.

Joseph J. Knox, Macungle, for appellant.

Richard W. Kolosky, Allentown, for appellee.

Before DEL SOLE, BECK and HUDOCK, JJ.

BECK, Judge:

Appellant, defendant below, challenges the trial court's January 6, 1995 order denying his Petition to Reinstate Appeal from an arbitrators' award. His appeal was dismissed by order of the trial court on October 3, 1994 for failure to provide the Lehigh County Coordinator for Civil Operations with a copy of his Notice of Appeal in accordance with the requirement of Lehigh County Rule of Civil Procedure 1308.

Appellant contends that the trial court abused its discretion in dismissing his appeal based on his noncompliance with a technical requirement of the local rule. He asserts that because he properly filed his Notice of Appeal with the prothonotary, paid all applicable filing fees and took the steps necessary under Pennsylvania Rule of Civil Procedure 1308 to ensure that all parties were served with notice of the appeal, the trial court should have granted him relief pursuant to Pennsylvania Rule of Civil Procedure 126, which permits a court to disregard procedural defects which do not affect the substantial rights of the parties.

Appellant's argument appears to have some merit. *See Briga v. Ken–Tuck Signs, Inc.,* 279 Pa.Super. 537, 421 A.2d 329 (1980) (trial court abused its discretion in quashing appeal from arbitration award for failure to comply with local rule requiring Notice of Appeal to be accompanied by copy of Complaint). *See also* Pa.R.C.P. 239(f) (providing that no proceeding shall be dismissed for failure to comply with a local rule other than one adopted pursuant to Pa.R.J.A. 1901 providing for termination of inactive matters). However, we are constrained to quash this appeal as untimely.

An order dismissing an appeal from an arbitration award is final and appealable. *See Lough v. Spring,* 383 Pa.Super. 85, 556 A.2d 441 (1989) (appeal from order quashing appeal from arbitration award based on initiation of appeal by motion to strike award, rather than Notice of Appeal); *Briga v. Ken–Tuck Signs, Inc., supra* (appeal from order quashing appeal from arbitrators' award based on failure to comply with local rule). *See also Hines v. Southeastern Pennsylvania*

*Transportation Authority,* 147 Pa.Cmwlth. 189, 607 A.2d 301 (1992) (appeal from order quashing appeal from arbitration award for failure to comply with notice requirements of Pa. R.C.P. 1308). Appellant did not take his appeal to this court directly from the order dismissing his arbitration appeal, however. Instead, he filed a petition to reinstate the appeal and awaited the entry of an adverse ruling on that petition, some three months later, before filing his appeal to this court. As his appeal to this court was taken more than thirty days after entry of the final order in this case, we must conclude that it is untimely and that we are without jurisdiction to grant him appellate relief.[1]

Appeal quashed.

---

1. In the Statement of Jurisdiction in his appellate brief, appellant cites *Anderson v. Centennial Homes, Inc.,* 406 Pa.Super. 513, 594 A.2d 737 (1991) and *Jay Dee Department Store v. South Penn Gas,* 362 Pa.Super. 404, 524 A.2d 940 (1987) for the proposition that the order denying his Petition to Reinstate Appeal is final for purposes of appeal. However, both of the cited cases deal with appeals from determinations entered ·by a District Justice. Under the rules of civil procedure applicable to District Justices, such appeals may be stricken by the Prothonotary upon praecipe of appellee for failure to comply with the service or time requirements of the rules. Pa.R.C.P.D.J. 1006. This ministerial action by the prothonotary is expressly made subject to the discretion of the court of common pleas to reinstate the appeal upon good cause shown. *Id.* In such cases, the appeal properly lies not from the ministerial action, but from the judicial determination embodied in the order denying the petition to reinstate.

In contrast, in the present case the dismissal of the appeal from the arbitration award was not a ministerial act of the prothonotary, but was itself a judicial determination which disposed of all claims as to all parties. Neither Pa.R.C.P. 1308 nor the parallel Lehigh County local rule governing appeals from arbitration awards provides for the filing of a petition to reinstate the appeal as do the District Justice rules applicable in *Anderson, supra* and *Jay Dee, supra.* We must therefore conclude that the cases cited by appellant are distinguishable from that before us and that the order dismissing the appeal from the arbitration award in this case was the final, appealable order under Pa.R.A.P. 341 (Final Orders, Generally).