J-S23029-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| AMY URBINE | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| SEARS HOME IMPROVEMENT PRODUCTS, INC. | |
| Appellant | No. 2699 EDA 2015 |

Appeal from the Order Entered July 30, 2015
In the Court of Common Pleas of Chester County
Civil Division at No(s): 2014-11373-CT

BEFORE:  PANELLA, J., OTT, J., and FITZGERALD, J.[*]

MEMORANDUM BY OTT, J.:                        **FILED MAY 20, 2016**

Sears Home Improvement Products, Inc. ("SHIP") appeals from the order entered July 30, 2015, in the Chester County Court of Common Pleas, denying its petition to open and strike the default judgment entered in favor of Amy Urbine.  A default judgment was entered against SHIP on October 6, 2014, in a magisterial district court, when SHIP failed to attend a hearing. SHIP claims, however, it was never served with Urbine's complaint.  On appeal, SHIP contends the trial court abused its discretion and erred as a matter of law by denying SHIP's petition to open and strike the judgment. For the reasons that follow, we affirm.

_____

[*] Former Justice specially assigned to the Superior Court.

The facts and procedural history underlying this appeal are as follows. On July 9, 2014, Urbine filed a claim in magisterial district court alleging SHIP negligently installed a heating and air conditioning unit at her home. When SHIP failed to appear at a hearing on October 6, 2014, the district justice entered a default judgment in favor of Urbine in the amount of $12,181.32.

On November 20, 2014, SHIP filed, in the Chester County Court of Common Pleas, a petition to open and strike the default judgment. In its petition, SHIP averred: (1) it was never served with the complaint; (2) it first learned of the judgment on November 13, 2014, when Urbine faxed a copy of the judgment to Sears' corporate office, and promptly filed this petition a week later; and (3) it had a meritorious defense to Urbine's claims.[1] The trial court entered a rule to show cause on December 10, 2014,

_____

[1] From what we can glean from the certified record, the complaint was served on SHIP at 9001 Rico Road, Monroeville, PA. SHIP asserts, however, that it has not maintained an office at that address since 2000, but rather maintains an office at 800 Calcon Hook Road, Bay 6, Sharon Hill, PA. *See* Petition to Open and Strike Default Judgment, 11/20/2014, at ¶¶ 6-7. It claims it first became aware of the judgment when Urbine faxed a copy of the document to "the corporate headquarters of Sears Holdings Coproration, SHIP's parent company." *Id.* at ¶ 2. In her answer to the petition, Urbine averred the Monroeville address is listed as SHIP's registered office address on the Pennsylvania Department of State's website. *See* Urbine's Answer to SHIP's Petition to Open or Strike Default Judgment, 12/16/2014, at ¶ 7. Furthermore, she contends the Sharon Hill address is not listed on any of SHIP's agreements or website, and that she served the complaint on the Sears store at the Exton Square Mall, which is listed as an address for SHIP under an internet search for www.searshomeservices.com. *Id.* at ¶¶ 7-8.

and Urbine filed an answer to the petition on December 16, 2014. No further action was taken on the petition until May 28, 2015, when SHIP filed a praecipe for determination. Urbine responded by filing a memorandum of law in opposition to SHIP's petition on June 3, 2015. Thereafter, on July 29, 2015, the trial court entered an order denying SHIP's petition to open or strike the default judgment. This timely appeal followed.[2]

On appeal, SHIP argues the trial court abused its discretion and erred as a matter of law when it denied SHIP's petition to open the default judgment.[3] First, SHIP contends it "demonstrated in its petition that it met the criteria for the default judgment to be opened."[4] SHIP's Brief at 9. Second, SHIP states that, contrary to the trial court's assertion, it was not required to file an appeal to the common pleas court pursuant to

_____

[2] On September 2, 2015, the trial court ordered SHIP to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). SHIP complied with the court's directive, and filed a concise statement on September 15, 2015.

[3] Although SHIP sought both to open and strike the judgment, its argument on appeal focuses only on its request that the judgment be opened.

[4] It is well-established that "[t]o open a default judgment, a party must: (1) promptly file a petition to open judgment; (2) provide a meritorious defense; and (3) offer a legitimate excuse for the delay in filing a timely answer." **Reid v. Boohar**, 856 A.2d 156, 160 (Pa. Super. 2004) (citation omitted). Here, SHIP asserts: (1) it had a legitimate excuse for failing to respond to the complaint or appear at the hearing because it was never properly served; (2) it had a meritorious defense because it properly installed Urbine's heating and air conditioning system, and promptly responded when Urbine complained of a leak; and (3) it promptly filed the petition one week after receiving notice of the judgment. **See** SHIP's Brief at 10-11.

Pa.R.C.P.M.D.J. 1002, because the 30-day appeal period had expired by the time SHIP received a copy of the judgment. *See id.* at 12. Further, it claims that, even if there were alternative methods by which it could have challenged the judgment, "such procedures do not vitiate the petition to open or strike as a long established procedure for attacking default judgments." *Id.* Third, SHIP argues that because the complaint was never properly served, the Magisterial District Judge did not have personal jurisdiction to enter the judgment, and SHIP was deprived of due process of law. *See id.* at 12-13.

Preliminarily, we note: "The decision to grant or deny a petition to open a default judgment is within the sound discretion of the trial court, and we will not overturn that decision absent a manifest abuse of discretion or error of law." *Green Acres Rehab. & Nursing Ctr. v. Sullivan*, 113 A.3d 1261, 1270 (Pa. Super. 2015) (quotation omitted). Here, however, the trial court did not rule upon the merits of SHIP's petition, but rather found the petition was procedurally improper. In the order denying SHIP's petition, the trial court stated: "[T]he proper procedure when a party is aggrieved by a decision of a Magisterial District Judge is to file an appeal to the Court of Common Pleas pursuant to Pa.R.C.P.M.D.J. 1001 et seq." Order, 7/29/2015, n.1. The trial court elaborated in its opinion:

> [SHIP] states that we erred by relying on Pa.R.C.P.M.D.J. 1001 et seq. since [SHIP] first received notice of the default judgment after the expiration of the thirty day period provided for in Pa.R.C.P.M.D.J. 1002. As such, according to [SHIP], the instant Petition "was [its] only option." We disagree. [SHIP] had the

- 4 -

option of filing with this court a Petition for Leave to Appeal Nunc Pro Tunc. As an alternative, even though it was not specifically stated in our Order, [SHIP] had the option of filing a Praecipe for Writ of Certiorari pursuant to Pa.R.C.P.M.D.J. 1009. Specifically, pursuant to Pa.R.C.P.M.D.J. 1009B, if lack of jurisdiction over the parties or subject matter is claimed, the praecipe may be filed at any time after judgment. In any event, [SHIP's] Petition to Open and/or Strike Default Judgment was procedurally improper under the circumstances.

Trial Court Opinion, 10/20/2015, at 2-3.

SHIP argues, however, that the court's ruling was erroneous because Rule 1002 "has no application" where, as here, SHIP first received notice of the default judgment after the 30-day appeal period expired. SHIP's Brief at 12. Moreover, SHIP states that while there may have been alternative procedures available to challenge the judgment, it was still "well within its rights to seek relief from the improper default judgment by filing a petition to open or strike." *Id.* We disagree. SHIP's failure to recognize the procedural posture of this case is its undoing.

The judgment SHIP seeks to challenge was entered by a magisterial district judge. Therefore, SHIP's only two avenues for relief were to either file an appeal *de novo* or *praecipe* for a writ of *certiorari* in the court of common pleas. *See* Pa.R.C.P.M.D.J. 1002, 1009. Rule 1002 provides, in relevant part:

A party aggrieved by a judgment for money, … may appeal therefrom within thirty (30) days after the date of the entry of the judgment by filing with the prothonotary of the court of common pleas a notice of appeal on a form which shall be prescribed by the State Court Administrator together with a copy of the Notice of Judgment issued by the magisterial district judge. The prothonotary shall not accept an appeal from an

aggrieved party which is presented for filing more than thirty (30) days after the date of entry of the judgment without leave of court and upon good cause shown.

Pa.R.C.P.M.D.J. 1002(A). Although the Rule requires the appeal be filed within 30 days after judgment is entered, it does provide for additional time with "leave of court and upon good cause shown." ***Id.*** Therefore, pursuant to the express language of the rule, SHIP could have requested to file an appeal *de novo* in the trial court. ***See Wilkes-Barre Clay Products, Co. v. Koroneos***, 493 A.2d 744, 746 (Pa. Super. 1985) ("A party aggrieved by the judgment of a district justice may appeal that judgment as of right to a court of common pleas under Pa.R.C.P.D.J. 1002. Because the definition of 'judgment' in Pa.R.C.P.D.J. 1001(1) includes a default judgment entered pursuant to Pa.R.C.P.D.J. 319, this right of appeal extends to default judgments.") (citation omitted).

However, based on its particular claim, SHIP also could have filed a praecipe in the trial court for a writ of *certiorari*. Rule 1009 provides, in relevant part:

A. Unless he was the plaintiff in the action before the magisterial district judge, a party aggrieved by a judgment may file with the prothonotary of the court of common pleas a praecipe for a writ of certiorari claiming that the judgment should be set aside **because of lack of jurisdiction over the parties** or subject matter, improper venue or such gross irregularity of procedure as to make the judgment void. If the party aggrieved by the judgment was the plaintiff in the action before the magisterial district judge, he may file a praecipe for a writ of certiorari only on the last mentioned ground.

B. **If lack of jurisdiction over the parties or the subject matter is claimed, the praecipe may be filed at any time**

**after judgment**. Otherwise it shall be filed within thirty (30) days after the date of the judgment.

Pa.R.C.P.M.D.J. 1009(A), (B). Here, SHIP contends the magisterial district judge had no jurisdiction to enter the judgment because SHIP was never served with the complaint. As set forth in subsection B, when an aggrieved party complains the magisterial district court lacked jurisdiction, "the praecipe may be filed at any time after judgment." ***Id.***

SHIP provides no authority for its assertion that an aggrieved party may challenge the entry of a default judgment in a magisterial district court by filing a petition to open the judgment in the court of common pleas. Indeed, our research reveals the magisterial district procedural rules do not contemplate such a remedy. ***See generally***, Pa.R.C.P.M.D.J. 101 *et seq*. Accordingly, we conclude the trial court correctly denied SHIP's petition to open as procedurally improper. Furthermore, we need not address SHIP's due process argument since it still has opportunity to be heard on its complaints by complying with procedural rules outlined herein. ***See In re Bridgeport Fire Litig.***, 8 A.3d 1270, 1288 (Pa. Super. 2010) (citations omitted) (""The core requirements of due process are notice and the opportunity to be heard 'at a meaningful time and in a meaningful ma[nn]er.'"), *appeal denied*, 23 A.3d 1003 (Pa. 2011).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/20/2016