419 A.2d 778

**Nick KATSANTONIS,**

v.

**Willard FREELS, Appellant.**

Superior Court of Pennsylvania.

Argued March 4, 1980.

Filed May 13, 1980.

George F. Douglas, Carlisle, for appellant.

Daniel L. Carn, York, for appellee.

Before CERCONE, President Judge, and WATKINS and MONTGOMERY, JJ.

PER CURIAM:

Appellant–defendant took a timely appeal from an adverse decision rendered by a District Justice. The Prothonotary who received the appeal issued a rule on the plaintiff to file a complaint as required by R.C.P.J.P. 1004 B; and he also prepared notices to the plaintiff and the District Justice that an appeal had been taken. He then mailed a letter containing the rule and the notices to the appellant's attorney, George F. Douglas, Jr., who received it on Monday, December 4, 1978. The rule and notices were mailed the same day to the plaintiff and the District Justice by Mr. Douglas; and on the same day an affidavit of proof of service was mailed by him back to the Prothonotary who received it on December 6, 1978 and filed it the same day.

Subsequently on December 14, 1978, counsel for the plaintiff filed a praecipe with the Prothonotary to mark the appeal stricken for failure to record the proof of service within five days after the appeal was filed as required by R.C.P.J.P. 1005 B. Strict compliance with the rule would have required such proof to have been filed with the Prothonotary on December 5th.

Thereafter, appellant filed a petition under R.C.P.J.P. 1006 to have his appeal reinstated, which petition was denied. This appeal was taken from that order.

Rule 1006 provides for the reinstatement of such appeals "upon good cause shown."

The lower court did not believe that good cause had been shown for reinstatement of this appeal, but we do not agree.

Admittedly, the proof of service did not arrive in the office of the Prothonotary until the sixth day after the appeal had been filed. However, it is also undisputed that the letter from the Prothonotary containing the rule and the aforesaid notice did not arrive at the office of the appellant's attorney until December the 4th, although mailed by the

Prothonotary on November 30th. The delay is accounted for by the fact this period of four days was over the weekend during which mail delivery was frequently delayed. It is also undisputed that Mr. Douglas acted promptly and mailed the proof of service back to the Prothonotary the same day he received the letter from the Prothonotary, which was the fourth day. Of course Mr. Douglas could have hand delivered the proof that day or the next or fifth day rather than rely on the mail service to deliver it on time, which would have required him to have some one from his office travel from Carlisle, Pennsylvania to York, Pennsylvania, the County seat of York County.

In view of the fact that R.C.P. 205.1 provides for service by mail and the transmittal of papers by mail, although it provides that papers mailed shall not be considered filed until received by the appropriate offices; and further, in the light of R.C.P. 126 that such rules shall be liberally construed to secure the just, speedy and inexpensive determination of such action to which they are applicable; and further, in view of the fact no prejudice to appellee–plaintiff is apparent or alleged, we find no reason to apply a strict interpretation to Rule 1005 B in this case. We are of the opinion that good cause has been shown for the reinstatement of the appeal.

Order reversed and appeal reinstated.