592 A.2d 746

**Anthony F. DELVERME and Scott P. Delverme, Appellants,**

**v.**

**Terry PAVLINSKY and Kenneth Weaver.**

Superior Court of Pennsylvania.

Argued Feb. 27, 1991.

Filed June 14, 1991.

444

Ewing D. Newcomer, Uniontown, for appellants.
James R. Michael, Uniontown, for appellees.

Before DEL SOLE, FORD ELLIOTT and BROSKY, JJ.

FORD ELLIOTT, Judge:

This is an appeal from the July 13, 1990, order of the Court of Common Pleas, Fayette County, denying appel-

lants' petition for hearing to reinstate appeal and/or extension of time in which to file complaint, from a decision rendered by a District Justice. For the reasons which follow, we reverse the order of the trial court and reinstate appellants' appeal from the order of the District Justice.

Appellants, Anthony F. DelVerme and Scott P. DelVerme, instituted an action before a district magistrate against appellees, Terry Pavlinsky and Kenneth Weaver, seeking to recover $979.69 in damages to their automobile as a result of an accident involving appellees' dog. Appellee, Terry Pavlinsky, filed a counterclaim seeking to recover $300.00 for the death of his dog. As a result of the counterclaim being filed appellants' motor vehicle insurance carrier retained attorney Susan D. O'Connell to represent appellants on the counterclaim. Following a hearing before District Justice Vernon, judgment was entered in favor of appellees on both the original claim and the counterclaim. The decision was not announced by the magistrate in open court, but rather was mailed to counsel of record for the respective parties. Appellants' counsel failed to inform them of the magistrate's decision, and after waiting several days without hearing anything, Scott DelVerme finally contacted the magistrate's office and was informed of the decision. At that time Scott DelVerme was also informed of his right to appeal, and did indeed file a *pro se* appeal in the Fayette County Prothonotary's Office. The notice of appeal was filed timely and served upon appellees and at the magistrate's office.[1] However, the appellants failed to file a timely complaint as required under Rule 1004(A).[2] Therefore, appellees filed a praecipe to strike the appeal for

1. Pa.R.C.P.D.J. No. 1002 requires that an appeal from a magistrate's decision be filed within thirty (30) days after the date of the judgment. Pa.R.C.P.D.J. No. 1005 requires that a copy of the notice of appeal be served upon the appellee and the district justice in whose office the judgment was rendered, and that proof of service of the notice of appeal be filed with the court within five (5) days after filing the notice of appeal.

2. Pa.R.C.P.D.J. No. 1004(A) provides that, "[i]f the appellant was the claimant in the action before the district justice, he shall file a complaint within twenty (20) days after filing his notice of appeal.

failure to comply with Rule 1004(A). Meanwhile, without notice to appellants, Allstate Insurance Company had forwarded the sum of $309.00 to appellees' counsel as payment in full for the judgment on the counterclaim.[3]

After receiving notice that their appeal had been stricken, appellants retained a local attorney who immediately filed a Petition for Hearing to Reinstate Appeal and/or for Extension of Time in which to File Complaint. The Petition was initially presented to the Fayette County motions judge on July 6, 1990, however, because of some confusion surrounding when appellees' counsel received notice that the petition was going to be presented, the petition was re-presented on July 13, 1990. On that date Judge Solomon issued an order refusing appellants' petition. A timely appeal to this court followed.

Appellants raise the following issues for our consideration:

I. Whether Defendants waived any objection to the Plaintiffs' Petition For Hearing To Reinstate Appeal And/or For Extension of Time In Which To File Complaint:

A. For the failure to appear and object to the Petition at Motions Court on June 29, 1990?

B. For the failure to file an Answer to Plaintiffs' Petition?

C. For objecting to Plaintiffs' Petition because the Counterclaim had already been paid and not for any reasons later cited by the Court?

II. Whether the Lower Court erred in:

A. Having the Court Administrator to [sic] return the Petition to Counsel for representation when no objection had been ever filed or received?

B. Refusing the Petition as the matters set forth therein constitute good faith under Pa.R.C.P.D.J. No. 1004?

---

**3.** The payment by Allstate Insurance Company was to satisfy the award in appellees' favor on the counterclaim, and in no way affects appellants' appeal from the adverse decision on their original claim.

C. Denying Plaintiffs the opportunity to present the facts of this matter and supplement the original Petition with additional facts demonstrating good faith?

We shall address these issues in inverse order.

Appellants second issue is subdivided into three parts. Because we believe that part B raises the crucial issue in this appeal we shall address that issue first. Appellants maintain that the trial court erred in refusing to grant their petition to reinstate appeal and to allow them more time to file a complaint. Implicit in appellants argument is the notion that the rules of procedure governing appeals from magistrate's decisions are to be construed liberally with an eye toward a just resolution of the matter at hand. Appellees, on the other hand, favor a narrower interpretation of the procedural rules; one which imposes the sanction of having an appeal stricken if the rules are not strictly followed.

■ The trial court embraced appellees' position and concluded that the rules of procedure governing appeals from magistrate's decisions must be strictly complied with, and that since appellants failed to file a complaint within twenty days of their notice of appeal, and since appellants did not demonstrate good cause for failing to comply with this rule, the appeal was properly stricken. We believe the trial court erred in interpreting the procedural rules so narrowly and concluding that appellants had not shown good cause for failing to file a timely complaint after their notice of appeal.

■ It is our opinion that the rules of procedure must be liberally construed so as to guaranty that actions such as the present one are resolved in a just, speedy and inexpensive manner consistent with the mandates of Rule 126.[4] In the past, the majority of cases interpreting the rules of

---

4. Pa.R.C.P. No. 126 provides:

The rules shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable. The court at every stage of any such action of proceeding may disregard any error or defect of procedure which does not affect the substantial rights of the parties.

procedure relating to appeals from decisions of district justices favored a very strict and narrow interpretation of those rules. *See City of Easton v. Marra,* 230 Pa.Super. 352, 326 A.2d 637 (1974); *Voynik v. Davidson,* 69 D. & C.2d 267 (1975); *Cluck v. Geigley,* 58 D. & C.2d 429 (1972). The courts would routinely strike appeals if the rules of procedure were not followed to the letter. However, the modern trend has tended toward a more liberal interpretation of these rules. *See Quarato v. Facelifters, Ltd.,* 305 Pa.Super. 536, 451 A.2d 777 (1982) (court concluded that justice was served by reinstating appeal even though appellant failed to comply with the rule requiring that sender's receipt be attached to the proof of service filed with the court); *Katsantonis v. Freels,* 277 Pa.Super. 294, 419 A.2d 778 (1980) (appeal was reinstated even though proof of service was not filed within five days as required under Pa.R.C.P.D.J. No. 1005(B)); *Seiple v. Pitterich,* 35 Pa.D. & C.3d 592 (1984) (strict compliance with rules of civil procedure for district justices not required, and absent a showing of prejudice resulting from a failure to strictly comply with the rules a stricken appeal will be reinstated); *Beck v. Weitzenhoffer,* 49 Pa.D. & C.3d 112 (1988) (weight of recent authority requires a liberal interpretation of the rules of procedure leading to the conclusion that an appeal should be reinstated even though appellant failed to file proof of service of the notice of appeal as required under the rules).

The two important factors in each of these cases advancing the notion of liberal construction of these rules are, first, there has been no showing of prejudice resulting from the failure to comply strictly with the rules and, second, there has been good cause shown for reinstating the appeal. We note that both of those elements exist in this instance. There is no indication in the record in this case that appellees were in any way prejudiced by appellants failure to file a complaint within the twenty-day time period. The notice of appeal had been timely filed and served upon appellees. Therefore, appellees were fully aware that an appeal had been taken. Further, the lawsuit itself was based upon a

relatively simple set of facts, and thus appellees knew what to expect in the complaint. Thus, we feel confident that appellees would suffer no prejudice if the appeal was now reinstated and appellants permitted to file their complaint. Second, we believe that appellants have demonstrated good cause for failing to comply with the rules so as to warrant a reinstatement of the appeal. Appellants were initially un-represented at the magistrates level, and only received the assistance of counsel as a result of the counterclaim. However, after the hearing, counsel retained by appellants' insurance carrier never informed appellants of the decision and paid the counterclaim without appellants' knowledge. It was only through their own inquiry at the magistrate's office that appellants learned of the decision and their right to an appeal. Through the assistance of personnel at the prothonotary's office the appellants were able to prepare a notice of appeal and file the same with the court. However, as appellants' maintain, they were not aware that they were then required to file a complaint within twenty days of the notice of appeal. Given that appellants had already filed a complaint in the magistrate's office it is not unreasonable to conclude that they would be unaware that it was necessary to file yet another complaint in the court of common pleas. Appellees contend that appellants were on notice of this requirement by virtue of the language on the notice of appeal form which states:

> If appellant was claimant (See Pa.R.C.P.D.J. No. 1001(6)) in action before District Justice he MUST FILE A COM-PLAINT within twenty (20) days after filing his NOTICE OF APPEAL.

While such language is certainly clear to those in the legal profession, the legal significance of filing a *new* complaint may not be so readily understandable to a person with no legal background who is working his way through this appeal process for the very first time. Further, as soon as appellants received notice that their appeal had been strick-en they immediately retained counsel in an effort to rectify the situation. We believe that appellants' actions demon-

strate an attempt to comply with all the rules for taking an appeal from a magistrate's decision, and do not think that they should be punished for inadvertently failing to comply with one of the rules, particularly when the notice of appeal was timely filed and served upon appellees. Thus, we conclude that good cause existed to reinstate this appeal.

It is our opinion that given the absence of prejudice to appellees, and given the relatively simple nature of the underlying claim, the interests of justice are best served by reinstating the appeal.

Therefore, the order dismissing the petition to reinstate the appeal is vacated; the appeal is reinstated; and appellants shall have twenty (20) days to file a complaint.

Order reversed and case is remanded for further proceedings not inconsistent with this opinion. We do not retain jurisdiction.

DEL SOLE, J., files a concurring statement.

BROSKY, J., files a concurring opinion.

DEL SOLE, Judge, concurring.

I join the Majority but write to suggest that the Minor Court Rules Committee re-examine the need to require a complaint on appeal from a District Justice. The initial information received when the matter is filed before the District Justice should be sufficient to inform a party about the nature of the claim. Since most, if not all, appeals are next heard before a Board of Arbitrators with the right to appeal *de novo* before the court, I believe that all parties have more than sufficient opportunity to appraise themselves about the case. The complaint filing requirement only adds to the time and cost of the process and not to providing necessary information to litigants. It seems to me costly and wasteful and its necessity should be re-examined.

BROSKY, Judge, concurring.

I agree with the observation of the majority "that appellants were on notice of this requirement [the necessity of filing a complaint in common pleas court within twenty days of the filing of their notice of appeal in that court] by virtue of the language on the notice of appeal." Majority Memorandum at 748, 749. At the same time, however, I dispute the excuse proffered by the majority for appellants' dereliction in failing to timely file a complaint. In this regard, the majority states, "While such language is certainly clear to those in the legal profession, the legal significance of filing a new complaint may not be so readily understandable to a person with no legal background who is working his way through the appeal process for the very first time." *Id.*

First, the language on the Notice of Appeal form, as the Majority concedes, is clear on its face that an appellant must file a Complaint within twenty days after filing the Notice of Appeal. In fact, this language is sufficiently clear to be comprehended by one who is not possessed of a formal law degree. One need not acquire a college or advanced professional degree to fully appreciate a legal requirement that is couched in commonly understood words of the English language. Moreover, this notice informs an appellant in capital, italicized wording that he/she must file a complaint within the twenty-day period after perfecting the form Notice of Appeal.

Nevertheless, because I would also find that appellees were not prejudiced in any way by the failure of appellants to file their Complaint within the requisite twenty-day period, I concur in the decision of the majority to vacate the Order dismissing the Petition to reinstate the appeal and to grant appellants twenty days in which to file their Complaint.