## Woltcheck v. Gettel

*Allen E. Hench,* for plaintiffs.
*Daniel Stern,* for defendants.

QUIGLEY, *P.J.,* August 4, 1992—This matter is before the court as a result of an appeal filed by the defendant on May 1, 1991, from adverse district justice judgments. Both parties acknowledge that the appeals were promptly filed and served in compliance with Pa.R.C.P.D.J. 1002. However, proof of service was not filed until May 8, 1991. The plaintiffs, therefore, seek to dismiss the appeals based upon Pa.R.C.P. 1005B which requires the filing of proof of service within five days of the taking of an appeal.

On May 24, 1991, pursuant to Rule 1006, the plaintiffs, by praecipe, had the prothonotary strike the appeal. An order was entered by this court on October 4, 1991, re-

quiring the defendant to show cause why the appeal should not be stricken. Defendant answered and maintained that "[t]he deputy prothonotary, in a written note to the plaintiffs' counsel, related that the documents required to be served were not delivered to defendant's counsel until May 3, 1991, because she was the person responsible for delivering them for service and was on vacation."

In accordance with Rule 1006, this court may, "upon good cause shown," permit the appeal to proceed.

Admittedly, the proof of service in this case did not arrive in the Office of the Prothonotary until the eighth day after the appeal had been filed. However, it is also undisputed that the affidavit by the deputy prothonotary, Pat Prosser, explains that the praecipe to enter rule to file complaint and rule to file was not executed by her office until May 3, 1991.

Strict compliance with Rule 1005B would have required proof to have been filed with the prothonotary on May 6, 1991. The plaintiffs suggest that this court should follow a strict interpretation of Rule 1005B and refuse to reinstate the appeal. This position is based on past decisions by common pleas courts which found the failure to comply with the Rule fatal to a request for reinstatement despite the surrounding circumstances. Although this strict application continues to be used in some circumstances, the plaintiffs have failed to acknowledge significant changes in applicable case law on this subject.

More recent decisions held that the strict compliance with Rule 1005B is not necessary to prevent additional burdens on the appellee or the court and to bar the appellant from proceeding with an appeal furthers none of the reasons for the Rule. *Hyde v. Crigler,* 10 D.&C.3d 769, 774 (1979). In particular, the *Hyde* court held:

"Rule 1005B is necessary to ensure compliance with the requirement that service be made within five days and that appellant have proof that service was made. However, where an appellant has timely served a notice of appeal and there is no dispute on this issue, none of the purposes of Rule 1005 are furthered by penalizing the appellant who fails to file with the prothonotary proofs of service within five days after filing the notice of appeal."

This principal was again followed and set forth in the case of *Berry v. Sheaffer,* 42 D.&C.3d 480, 483 (1986). The *Berry* court held that the primary purpose of Rule 1005B is to prevent parties from appealing from an adverse judgment by the district justice and then delaying the case by failing to timely notify the non-appealing party and/or the district justice.

The Superior Court has also addressed the question of striking and/or reinstating an appeal pursuant to Rule 1006 in the case of *Katsantonis v. Freels,* 277 Pa. Super. 294, 296, 419 A.2d 778, 779 (1980). The court ordered an appeal reinstated when mail service delayed proof of service by one day to the prothonotary's office. This decision was made in light of Pa.R.C.P. 126 which provides:

"The rules shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding in which they are applicable. The court at every stage of any such action or proceeding may disregard any error or defect of any procedure which does not affect the substantial rights of the parties."

In light of the above case law, it appears that sufficient facts exist within the record to find that good cause has been shown by the defendant to allow for the reinstatement

of the appeal. There are no allegations that the appeal or the notice to relevant parties was not timely in the present case. Instead, the plaintiffs argue a procedural error which the courts no longer view as prejudicial to the appellee if the appeal is reinstated.

Accordingly, this court orders that appellees' praecipe to strike appeal is hereby quashed and appellant's appeal is hereby reinstated.

## ORDER

And now, August 4, 1992, in accordance with the within memorandum, the court holds that defendant effectively perfected the appeals and removes any impediment to the further prosecution of this action.