658 A.2d 1349

**Robert HANNI, Appellee,**

**v.**

**The PENN WARRANTY CORPORATION, Appellant.**

Superior Court of Pennsylvania.

Submitted Jan. 26, 1995.

Filed May 24, 1995.

162

Gale T. Mayorowski, Avoca, for appellant (submitted).

Samuel Murray, Easton, for appellee.

Before WIEAND, OLSZEWSKI and HOFFMAN, JJ.

OLSZEWSKI, Judge:

In July of 1993, Hanni purchased a 6–month/6,000 mile warranty on a 1984 Chevy Camaro from the Penn Warranty Corporation. Apparently, the car never ran well from the start, Penn Warranty did not cover repair costs as promised, and Hanni was eventually forced to bring a claim under the warranty before a district justice. Penn Warranty did not appear, so Hanni took a default judgment for $3,134.

Penn Warranty filed a timely appeal to the court of common pleas. On December 6, 1993, Penn Warranty sent certified letters to both Hanni and to the district justice, who signed and returned the receipts. Under District Justice Rule 1005(B), Penn Warranty was required to file this proof of service with the prothonotary within ten days. Pa.R.C.P.D.J. 1005(B), 42 Pa.C.S.A. Penn Warranty sent the proofs of service to the prothonotary by first class mail, but they did not arrive and get time stamped until January 4, 1994—well over the ten-day limit.

Meanwhile, Hanni filed a praecipe to strike the appeal for Penn Warranty's failure to file proof of service within ten days, pursuant to District Justice Rule 1006. Since the proof of service was late, the prothonotary struck the appeal as required by Rule 1006. Penn Warranty then petitioned the

trial court to reinstate the appeal. A hearing was eventually held, with both parties represented by counsel. The trial court declined to exercise its discretion to reinstate the appeal, determining that Penn Warranty had not shown good cause. Pa.R.C.P.D.J. 1006; trial court opinion, 6/21/94 at 4. The parties have now ascended another rung on the judicial ladder: Penn Warranty appeals the trial court's refusal to open its appeal.

Thus, the sole question before us is whether the trial court erred by choosing to strictly apply the rules of civil procedure. We are rarely presented with such a question. Usually, procedural questions present themselves in the opposite posture; *e.g.*, whether a trial court abused its discretion in ignoring or bending the rules. If it could be error to simply apply a rule as written, as Penn Warranty argues, one might wonder what is the point of having it?

The record shows that Hanni received actual notice of Penn Warranty's appeal to common pleas court; that Penn Warranty made a good faith effort to properly docket notice of its appeal with the prothonotary; but that Penn Warranty chose to trust the timeliness of the regular mail during the holiday season, when it could have used an express mail service, or brought the proofs of service to the prothonotary by hand to be docketed within the ten-day limit. The record also shows that the trial court knew that it could choose to reinstate the appeal under Rule 1006, but that it weighed the equities of the situation and declined. *Id.*

A similar fact situation was presented in *Quarato v. Facelifters, Ltd.*, 305 Pa.Super. 536, 451 A.2d 777 (1982), which both parties acknowledge as the most apposite case. There, the trial court stated that it wished it could reinstate an appeal from the district justice to avoid an unduly harsh result, but felt bound to apply Rule 1005 strictly. On appeal, we noted that trial courts have the power to liberally construe and apply procedural rules under Pa.R.C.P. 126; if the trial court wanted to ignore the Rule 1005 violation, it could have and should have done so. We therefore reversed and remanded the case

to allow the appeal to proceed in common pleas court. *Id.* at 537, 451 A.2d at 778.

Penn Warranty urges the same result here. There is one key difference, though. In *Quarato,* the trial court clearly indicated that it would have preferred to reinstate the appeal, but felt powerless to do so. Here, the trial court acknowledged its power to reinstate the appeal, but elected not to do so under the equities. It chose instead to apply the service rule as written.

District Justice Rule 1006 reads:

> Upon failure of the appellant to [timely file proof of service], the prothonotary shall, upon praecipe of the appellee, mark the appeal stricken from the record. The court of common pleas may reinstate the appeal upon good cause shown.

Pa.R.C.P.D.J. 1006, 42 Pa.C.S.A. (emphasis added).

 As the rule clearly states, the trial court is never required to reinstate appeals (whereas the prothonotary can be required to strike them). The rule provides two levels of discretion. First, the trial court has discretion to determine whether there is good cause for reinstating the appeal. *Slaughter v. Allied Heating,* 431 Pa.Super. 348, 351, 636 A.2d 1121, 1123 (1993). After examining appellant's excuse for failing to timely file the proofs of service, the trial court is not required, but is permitted to reinstate the appeal, in its discretion. *Id.* at 355, 636 A.2d at 1125.[1] Considering the weight this rule gives to the trial court's discretion, we should be careful that we do not simply substitute our judgment as to whether an appeal should be reinstated. Rather, we should

---

1. As the dissent notes, we held in *Slaughter* that "the mere failure to file proofs of service in a timely manner **will** be disregarded where it is clear that the opposing party has received notice of the appeal and that the purpose of the rules has been satisfied." *Id.* at 354, 636 A.2d at 1124 (emphasis added). Because of the permissive nature of Rule 1006, it would be more accurate to say that the mere failure to file proofs of service in a timely manner **may** be disregarded in such circumstances. Even when actual notice is satisfactory, reinstatement of the appeal is still the trial court's call, which we review on an abuse of discretion standard.

uphold any reasonable decision by the trial court, even though we might not agree with it ourselves.

██ Here, the record reveals that the trial court's decision was reasonable. The trial court noted that Penn Warranty chose not to appear before the district justice, presuming that it would just appeal Hanni's default judgment. Opinion at 4. While Penn Warranty has a right to appeal to a court of record, that right must be exercised within the confines of our procedural rules. By choosing this method to get its case to common pleas court, Penn Warranty assumed the burden of service and the risks of improper service.

██ Penn Warranty also chose perhaps the worst of all possible methods of getting proof of service to the prothonotary under the rule's time constraints: holiday season mail. It could have hand delivered the proof of service or used an express mail carrier, but chose not to. The combination of these two lapses convinced the trial court not to excuse Penn Warranty's failure to comply with the filing deadlines. *Id.* We cannot say that this decision was an abuse of the broad discretion accorded the trial court by District Justice Rule 1006. If, as Penn Warranty and the dissent argue, the trial court were required to ignore certain Rule 1005(B) violations, then that rule would be reduced to a mere suggestion.

Affirmed.

WIEAND, J., filed a dissenting opinion.

WIEAND, Judge, dissenting:

Robert Hanni filed an action against The Penn Warranty Corporation before a district justice. When Penn Warranty failed to appear at a scheduled hearing, the magistrate entered a default judgment in favor of Hanni. On December 6, 1993, Penn Warranty filed a timely appeal in the Court of Common Pleas of Northampton County. On December 8, 1993, Penn Warranty sent to Hanni by certified mail a copy of the notice of appeal and a rule to file a complaint. Penn Warranty also sent a copy of the notice of appeal to the

district justice by certified mail. On December 8, 1993, Penn Warranty sent proof of service to the prothonotary for filing. However, proof of service was sent via regular mail, and the prothonotary did not receive it until January 4, 1994. On January 5, 1994, upon praecipe, the prothonotary marked the appeal stricken pursuant to Pa.R.C.P.D.J. No. 1006. A petition by Penn Warranty to reinstate the appeal was denied by the trial court. Penn Warranty appealed.

The majority holds that the letter of the procedural rule must be enforced and that Penn Warranty assumed the risk of any delay in the delivery of the mail. I respectfully dissent. The appeal was properly and timely filed and timely and due notice thereof was given. It is clear, therefore, that the purpose and the spirit of Pa.R.C.P.D.J. No. 1005 have not been violated. When proof of service was sent by U.S. Mail to the prothonotary, the appellant was not required to anticipate that delivery would be delayed almost a month. Moreover, because the appellee sustained no prejudice, the appellant's failure to file proof of service within ten days should not have prevented the appellant from pursuing its appeal. When the trial court refused to reinstate the appeal under these circumstances, I would hold, it abused its discretion.

In *Delverme v. Pavlinsky*, 405 Pa.Super. 443, 592 A.2d 746 (1991), the Court reversed an order refusing to reinstate an appeal after a violation of Rule 1005 had occurred. The Court said:

It is our opinion that the rules of procedure must be liberally construed so as to guarant[ee] that actions such as the present one are resolved in a just, speedy and inexpensive manner consistent with the mandates of Rule 126. In the past, the majority of cases interpreting the rules of procedure relating to appeals from decisions of district justices favored a very strict and narrow interpretation of those rules. *See City of Easton v. Marra*, 230 Pa.Super. 352, 326 A.2d 637 (1974); *Voynik v. Davidson*, 69 D. & C.2d 267 (1975); *Cluck v. Geigley*, 58 D. & C.2d 429 (1972). The courts would routinely strike appeals if the rules of procedure were not followed to the letter. However, the modern

trend has tended toward a more liberal interpretation of these rules.

*Id.* at 447–448, 592 A.2d at 748 (footnotes omitted). Accord: Pa.R.C.P. 126. Where there has been no prejudice to the appellee and where there is good cause to excuse a procedural error, a petition to reinstate an appeal should be granted. See: *Quarato v. Facelifters, Ltd.,* 305 Pa.Super. 536, 451 A.2d 777 (1982) (appeal reinstated where there was no prejudice suffered by appellees); *Katsantonis v. Freels,* 277 Pa.Super. 294, 419 A.2d 778 (1980) (Per Curiam) (Rule 1005 should be liberally construed and appeal should be reinstated where appellee suffered no prejudice).

In *Slaughter v. Allied Heating,* 431 Pa.Super. 348, 636 A.2d 1121 (1993), the Superior Court affirmed a trial court's refusal to reinstate an appeal because the appellant had not offered any excuse for breaching the rules. However, the Court also said:

> [w]here the notice of appeal is timely filed and served upon the non-appealing party and the district justice, the intent underlying [Rule 1005] has been fulfilled and no further purpose remains to be served by penalizing the appealing party for failing to timely file the proofs of service. *See Wander v. National Development Corp.,* 139 Pittsburgh Legal Journal at 370, 12 Pa.D. & C.4th [627] at 628–629; *Berry v. Sheaffer,* 42 Pa.D. & C.3d [480] at 484; *Hyde v. Crigler,* 133 Pittsburgh Legal Journal at 271–272, 10 Pa.D. & C.3d [769] at 774. Consequently, the mere failure to file the proofs of service in a timely manner will be disregarded where it is clear that the opposing party has received notice of the appeal and that the purpose of the rules has been satisfied.

*Id.* at 353–354, 636 A.2d at 1124. Accord: *Berry v. Sheaffer,* 42 D. & C.3d 480 (1986) (appeal reinstated where proof of service was not timely filed with prothonotary but where notice of appeal and rule to file a complaint were timely).

Most recently, in *Voland v. Gray,* 438 Pa.Super. 525, 652 A.2d 935 (1995), the Superior Court relied on similar consider-

ations to hold that the trial court should have reinstated an appeal under Rule 1006. There, proof of service as required by Rule 1005 had been filed with the prothonotary twenty days late because the appellant had been confused over the difference between the sender's receipt, which should have been attached to proof of service, and the return receipt. The appellant explained that he had filed late because the green card [return receipt] had not been returned to him within the ten day period provided by Rule 1005. The Superior Court held that the appellant had had a legitimate excuse for the technical violation of Rule 1005 and that, because the appellee had not suffered prejudice, the appeal should have been reinstated. *Id.,* 438 Pa.Super. at 529, 652 A.2d at 936.

Here, the purpose underlying Rule 1005 has not been infringed. When the appellant mailed proof of service to the prothonotary, it had no reason to suspect that the prothonotary would not receive the correspondence until almost a month later. The majority faults the appellant for relying upon the United States Post Office instead of using an express mail service or personal messenger; however, the rules permit the reasonable use of first class mail under such circumstances, and the appellant should not be penalized for selecting that option. See: *Katsantonis v. Freels, supra* at 296, 419 A.2d at 779 (transmittal of proof of service to prothonotary by first class mail was not unreasonable and late filing caused by postal delay would be excused). Moreover, there could be no prejudice, for the notice of appeal had been received both by the appellee and the district justice within the ten day time period contemplated by Rule 1005.

The majority impliedly criticizes the appellant for having taken an appeal from a default judgment entered before the magistrate. However, the rules provide that any party aggrieved by a judgment of a district justice may appeal that judgment as of right to a court of common pleas. Pa. R.C.P.D.J. No. 1002. This right to appeal extends to all judgments, including default judgments. *Wilkes–Barre Clay Products Co. v. Koroneos,* 342 Pa.Super. 582, 585–586, 493 A.2d 744, 746 (1985).

Because the procedural default in the case sub judice was minor, occurred for reasons beyond the appellant's control, and caused no harm or prejudice, I would reverse the order of the trial court, reinstate the appeal and remand for further proceedings.