J-A22006-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| DUNMORE EXCLUSIVES LLC | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| AMANDA KOCHIS AND LAWRENCE KOCHIS | |
| Appellee | No. 263 MDA 2016 |

Appeal from the Order Entered January 13, 2016
In the Court of Common Pleas of Lackawanna County
Civil Division at No(s): 2015-CV-4935

BEFORE:  GANTMAN, P.J., PANELLA, J., and JENKINS, J.

MEMORANDUM BY JENKINS, J.:                   **FILED AUGUST 30, 2016**

Appellant Dunmore Exclusives LLC appeals from the January 13, 2016 order denying its motion to reinstate the complaint filed against Appellees Amanda Kochis and Lawrence Kochis.  We affirm.

Appellant owned property located at 150 South Sumner Avenue, Scranton, Pennsylvania.  Alex Brunell is the agent for Appellant.  Appellees rented the Sumner Avenue apartment from Appellant.

On June 8, 2015, Appellant filed a complaint for eviction against Appellees, maintaining Appellees had not paid rent.  The Honorable Terrance Gallagher, a magisterial district judge, scheduled a hearing for July 15, 2015.  Appellant requested a continuance, which was granted.  A new hearing date was scheduled for August 12, 2015.  Appellees did not receive notice of the continuance or the new date, because they had moved from

the apartment, which is where the court sent notice of the continuance. Because Appellees appeared on July 15, 2015, the magistrate court held a hearing on the matter, despite the fact that Appellant was not present.[1] At the conclusion of the hearing, Magistrate Gallagher entered judgment in favor of Appellees.

On August 14, 2015, Appellant filed a timely notice of appeal. Although required by the Rules of Civil Procedure of the Magistrate District Court to file a complaint in the court of common pleas within 20 days of the filing of the notice of appeal (which would be September 3, 2015), Appellant did not file a complaint until September 11, 2015.

On September 23, 2015, Appellees filed a notice to strike the appeal. On that same date, the clerk of judicial records entered an order striking the appeal.

On January 7, 2016, Appellant filed a motion to reinstate the complaint. On January 13, 2016, the court denied the motion. On February 10, 2016, Appellant filed a timely notice of appeal. The trial court did not order Appellant to file a concise statement of issues on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b), and Appellant did not do so. On April 11, 2016, the trial court issued an opinion pursuant to Rule 1925(a).

---

[1] A city of Scranton housing inspector also was present at the hearing. 1925(a) Opinion at 2. Appellees maintained the house was uninhabitable.

Appellant raises the following claims on appeal:

(a) Whether [the trial court] committed error of law in denying Appellant's [m]otion to [r]einstate [c]omplaint.

(b) Whether [the trial court] erred and/or abused her discretion in denying Appellant's [m]otion to [r]einstate [c]omplaint.

(c) Whether [] Appellant's [c]omplaint should have been reinstated because Appellant demonstrated "good cause shown" pursuant to Magisterial District Justice Rule of Civil Procedure 1006, which provides that "the court of common pleas may reinstate the appeal upon good cause shown."

(d) Whether [] Appellant's [c]omplaint should have been reinstated because Appellant demonstrated that the rigid application of the rules did not serve the intended purpose of justice and fairness but rather resulted in a harsh or even unjust consequence, pursuant to Pennsylvania Rule of Civil Procedure 126.

Appellant's Brief at 5. We will address Appellant's inter-related issues together.

We review a trial court's determination regarding whether Appellant established good cause to re-instate a complaint for an abuse of discretion. ***Anderson v. Centennial Homes, Inc.***, 594 A.2d 737, 739 (Pa.Super.1991).

The Pennsylvania Rule of Civil Procedure Governing Actions and Proceedings Before Magisterial District Judges provides:

A party aggrieved by a judgment for money, or a judgment affecting the delivery of possession of real property arising out of a nonresidential lease, may appeal therefrom within thirty (30) days after the date of the entry of the judgment by filing with the prothonotary of the court of common pleas a notice of appeal on a form which shall be prescribed by the State Court Administrator

- 3 -

together with a copy of the Notice of Judgment issued by the magisterial district judge.

Pa.R.C.P.M.D.J. 1002(A).

The Rules further provide that:

If the appellant was the claimant in the action before the magisterial district judge, he shall file a complaint within twenty (20) days after filing his notice of appeal.

Pa.R.C.P.M.D.J. 1004(A).

Further,

Upon failure of the appellant to comply with Rule 1004A . . . , the prothonotary shall, upon praecipe of the appellee, mark the appeal stricken from the record. The court of common pleas may reinstate the appeal upon good cause shown.

Pa.R.C.P.M.D.J. 1006.

Although Appellant filed a timely appeal to the court of common pleas of the judgment entered by the magistrate judge, it did not file a complaint in the court of common pleas within 20 days of the notice of appeal. Therefore, upon praecipe of Appellees, the prothonotary struck the appeal on September 23, 2015.

On January 7, 2016, more than three months later, Appellant filed a motion to reinstate the complaint, alleging it had good cause for the failure to file a timely complaint. Appellant maintains it was *pro se* and did not have counsel until after the complaint due date of September 3, 2015, and notes the complaint was only 8 days late. Appellant further notes that Appellees will not suffer prejudice if the complaint is reinstated. Further, it

argues the Appellees had relocated, without providing a forwarding address, and therefore could not be served.

Appellant relies on ***Delverme v. Pavlinsky***, 592 A.2d 746 (Pa.Super.1991). In ***Delverme***, the appellants had been represented by counsel for the insurance company before the magistrate judge, but counsel failed to inform them that the court had entered judgment against them. ***Id.*** at 746-47. The appellants contacted the clerk's office, which informed them of the decision, and they timely filed an appeal. ***Id.*** The appellants did not file a complaint within 20 days, and the court stuck their appeal. ***Id.*** at 747. When they received notice that the appeal had been stricken, they immediately retained counsel who filed a petition to reinstate the appeal. ***Id.*** In finding the trial court should have reinstated the appeal, this Court reasoned:

> The two important factors in each of these cases advancing the notion of liberal construction of these rules are, first, there has been no showing of prejudice resulting from the failure to comply strictly with the rules and, second, there has been good cause shown for reinstating the appeal. We note that both of those elements exist in this instance. There is no indication in the record in this case that appellees were in any way prejudiced by appellants failure to file a complaint within the twenty-day time period. The notice of appeal had been timely filed and served upon appellees. Therefore, appellees were fully aware that an appeal had been taken. Further, the lawsuit itself was based upon a relatively simple set of facts, and thus appellees knew what to expect in the complaint. Thus, we feel confident that appellees would suffer no prejudice if the appeal was now reinstated and appellants permitted to file their complaint. Second, we believe that appellants have demonstrated good cause for failing to comply with

the rules so as to warrant a reinstatement of the appeal. Appellants were initially unrepresented at the magistrates level, and only received the assistance of counsel as a result of the counterclaim. However, after the hearing, counsel retained by appellants' insurance carrier never informed appellants of the decision and paid the counterclaim without appellants' knowledge. It was only through their own inquiry at the magistrate's office that appellants learned of the decision and their right to an appeal. Through the assistance of personnel at the prothonotary's office the appellants were able to prepare a notice of appeal and file the same with the court. However, as appellants maintain, they were not aware that they were then required to file a complaint within twenty days of the notice of appeal. Given that appellants had already filed a complaint in the magistrate's office it is not unreasonable to conclude that they would be unaware that it was necessary to file yet another complaint in the court of common pleas. Appellees contend that appellants were on notice of this requirement by virtue of the language on the notice of appeal form which states:

> If appellant was claimant (See Pa.R.C.P.D.J. No. 1001(6)) in action before District Justice he MUST FILE A COMPLAINT within twenty (20) days after filing his NOTICE OF APPEAL.

While such language is certainly clear to those in the legal profession, the legal significance of filing a *new* complaint may not be so readily understandable to a person with no legal background who is working his way through this appeal process for the very first time. Further, as soon as appellants received notice that their appeal had been stricken they immediately retained counsel in an effort to rectify the situation. We believe that appellants' actions demonstrate an attempt to comply with all the rules for taking an appeal from a magistrate's decision, and do not think that they should be punished for inadvertently failing to comply with one of the rules, particularly when the notice of appeal was timely filed and served upon appellees. Thus, we conclude that good cause existed to reinstate this appeal.

*Delverme*, 592 A.2d at 748-49.

In this case, the trial court found:

> Pennsylvania Rule of Civil Procedure of Magistrate District Justice Rule 1004(a) requires a plaintiff who files an appeal to file a complaint within twenty (20) days of the filing of the notice of appeal.
>
> In **Delverme v. Pavlinsky**, the Superior Court addressed this issue. In **Delverme**, the plaintiff, acting *pro se*, failed to file a timely complaint pursuant to Rule 1004(a). He filed a Motion to Reinstate Complaint. The trial court denied the petition and plaintiff appealed. The Superior Court reversed the trial court concluding, in cases where "there has been no showing of prejudice resulting from the failure to comply strictly with the rules, and second there has been good cause shown for reinstating the appeal" liberal construction of these rules is warranted. **Delverme**, 592 A.2d 746, 748 (Pa Super 1991). In **Delverme**, the [c]ourt found that the fact that plaintiff had been acting *pro se* and that "he was not aware he was required to file a complaint within twenty (20) days of the appeal" to be persuasive. **Id.**
>
> The Superior Court discussed the trial court's discretion in reinstating an appeal in **Hanni v. Penn Warranty Corp**. 658 A.2d 1349 (Pa Super 1995). The court stated:
>
> > []First the trial court has the discretion to determine whether there is good cause for reinstating the appeal. After examining the appellant's excuse for failing to timely file . . . the trial court is not required but is permitted to reinstate the appeal . . .[]
>
> **Id.** at 1351 (citations and footnote omitted).
>
> Like the plaintiff in **Delverme**, [Appellant] asserts his status as a *pro se* litigant as grounds to establish good cause shown. The facts do not support his position. [Appellant] is a frequent litigant in the Lackawanna County Court system. A review of the exhibits attached to [Appellees'] response reveals the following:
>
> Alex Brunell, acting as agent for [Appellant], has filed numerous pleadings on [Appellant's] behalf since 2007. Included in these exhibits are four (4) separate complaints

filed by Mr. Brunell in a *pro se* capacity. These complaints were filed on June 19, 2008 in 08 CV-3390, May 19, 2010 in 10 CV-844, August 5, 2010 in 10 CV-5251, and April 1, 2015 in 15 CV-2006. In addition, [Appellant] filed a Praecipe to Strike Appeal from Magisterial District Court Judgment on February 24, 2012 in 11 CV-5971.[] In that case, [Appellant] filed a complaint against the defendants in Magisterial District Court. He obtained a judgment in his favor on September 13, 2011. The defendants filed a timely [n]otice of [a]ppeal. [Appellant] filed a [n]otice to [s]trike the [a]ppeal alleging the defendants failed to comply with the notice requirements of Pa.R.C.P.M.D.J. No. 1005(a). In his pleadings, [Appellant] attached a photocopy of Pa.R.C.P.M.D.J. No. 1004 and No. 1005.

On February 29, 2014, the Honorable Terrance Nealon entered an order setting a rule to show cause, why the requested relief sought by [Appellant] should not be granted. On May 16, 2012, the Honorable Peter O'Brien signed an order striking the order entered by the prothonotary striking the defendant's appeal in 2011 CV 5971.

In light of the litigious nature of [Appellant's] business[,] this [c]ourt does not find his *pro se* status is "good cause" to excuse a late filing pursuant to Pa.R.C.P.M.D.J. No. 1006(a).

. . .

[Appellant] has failed to satisfy his burden of proof of establishing the good cause shown requirement set forth in *Delverme*. Therefore, based on the above analysis, it is the determination of this [c]ourt that [Appellant] should not be allowed to reinstate his complaint in this matter based on failure to conform to the Pennsylvania Rules of Civil Procedure of Magistrate District Court. Specifically, [Appellant] did not file the complaint in this matter within the twenty (20) day filing requirement.

1925(a) Opinion, filed Apr. 11, 2016, at 2-4.

The trial court did not abuse its discretion in denying the motion to reinstate the complaint. Unlike the appellants in *Delverme*, Appellant was

aware it had 20 days to file a complaint, as its activity in previous litigation established. Further, Appellant did not file a complaint with the court and any claim that Appellees' failure to leave a forwarding address impacted Appellant's ability to file a complaint is irrelevant.

Appellant also maintains that the rules should be liberally construed to guarantee that actions are resolved in a just, speedy, and inexpensive manner and that the procedural defect should not impede justice. Appellant's Brief at 14. Appellant maintains that it would be severely prejudiced if this Court affirmed the order and that Appellees would not be prejudiced by reversal. However, the trial court had discretion to deny Appellant's motion, and did not abuse its discretion, especially because Appellant was aware of the rule and did not file a motion to reinstate the complaint until January, even though the complaint was struck three months earlier in September.

The trial court did not abuse its discretion when it denied Appellant's motion to re-instate the complaint.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>8/30/2016</u>