J-S21045-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| DAVID HATCHIGIAN | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JIM ADAIR, JIMS AUTOMOTIVE | : | No. 24 EDA 2025 |

Appeal from the Order Entered November 19, 2024
In the Court of Common Pleas of Montgomery County Civil Division at
No(s): 2024-14307

BEFORE: KUNSELMAN, J., KING, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY FORD ELLIOTT, P.J.E.: **FILED OCTOBER 16, 2025**

David Hatchigian (Appellant) appeals from the order[1] entered in the

Court of Common Pleas of Montgomery County, denying his petition to

reinstate his appeal, which was filed to challenge the judgment entered by a

magisterial district judge (MDJ) in favor of Appellees Jim Adair[2] and Jims

Automotive[3] (collectively, Appellees) for damages in connection with defective

automobile repairs. We affirm.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] This order is appealable. **See Anderson v. Centennial Homes, Inc.**, 594 A.2d 737, 738 (Pa. Super. 1991); **see also Wilkes-Barre Clay Products Co. v. Koroneos**, 493 A.2d 744, 746 n.2 (Pa. Super. 1985).

[2] Jim Adair is sometimes referred to as Jim Adar in the certified record.

[3] Jims Automotive is sometimes referred to as Jim's Automotive in the certified record.

The trial court set forth the facts of this case as follows:

On May 28, 2024, [Appellant] filed a notice of appeal to th[e] court [of common pleas] from the decision of the []MDJ[,] dated May 1, 2024, entering judgment [in favor of Appellees]. The filing of the appeal triggered the requirement of [Pennsylvania Rule of Civil Procedure for Magisterial District Judges] 1004A [], which provides: "If the appellant was the claimant in the action before the [MDJ], he shall file a complaint within twenty [] days after filing his notice of appeal." [Pa.R.C.P.M.D.J. 1004A.] Despite this requirement, [Appellant] did not file his complaint until July 26, 2024—59 days after filing his notice of appeal.

On September 10, 2024, counsel for [Appellees] entered his appearance and filed a "Praecipe to Strike Appeal from District Justice," citing [Appellant's] failure to comply with Rule 1004A. [Appellees'] praecipe was filed in accordance with [Pennsylvania Rule of Civil Procedure for Magisterial District Judges] 1006 [], which provides: "Upon failure of the appellant to comply with Rule 1004A or Rule 1005B, the prothonotary shall, upon praecipe of the appellee, mark the appeal stricken from the record. The court of common pleas may reinstate the appeal upon good cause shown." [Pa.R.C.P.M.D.J. 1006] . The prothonotary str[uck] the appeal [] the next day.

On September 30, 2024, [Appellant filed a "]Petition to Reinstate Appeal["]. He filed a second, similar petition to reinstate on October 1, 2024. Both petitions took pains to demonstrate that [Appellant] had filed a timely proof of service of his notice of appeal. That proof of service is required by [Pennsylvania Rule of Civil Procedure for Magisterial District Judges] 1005B. [Appellees'] praecipe to strike [the appeal in the court of common pleas], however, did not assert any failure to comply with Rule 1005B; rather, it cited only; the "failure to comply with Rule 1004A." Rule 1004A, as quoted above, states the time within which the claimant must file a complaint following an appeal to [the court of] common pleas, not the time[] for filing proof of service of the notice of appeal. Nevertheless, [Appellant]'s petitions to reinstate [his appeal] did not address his untimely filing of his complaint.

[Appellees] filed a response to the petitions on November 6, 2024. On November 19, 2024, th[e trial] court entered an order denying reinstatement [of Appellant's appeal from the judgment entered by the MDJ]. [. . .]

On December 12, 2024, [Appellant] filed a timely notice of appeal to the Superior Court[.]

Trial Court Opinion, 2/10/25, at 1-2 (unnecessary capitalization omitted). Thereafter, appellant and the trial court complied with Pennsylvania Rule of Appellate Procedure 1925.

On appeal, Appellant presents the following issue for our review:

[Was it in] error for the trial court to deny reinstatement of the appeal despite Appellant's petition to reinstate (filed after Appellees' failure to answer the originally-served complaint and late appearance)[,] which would have further noticed Appellees of the appeal[?]

Appellant's Brief, at 9. Essentially, Appellant argues to this Court that he should have been permitted to "revive" the time limits within which he was required to file a timely complaint, i.e. within twenty days of the filing of a notice of appeal to the court of common pleas. *See* Pa.R.C.P.D.J. 1004A. More specifically, Appellant contends he established good cause shown pursuant to Rule 1006 insofar as:

the originally filed and served complaint was still in effect when Appellant's petition to reinstate [the] appeal re-noticed Appellees of his appeal on September 30, 2024. Given Appellees' initial default in responding to the complaint as served, Appellant's petition to reinstate [the] appeal served to both i) revive the originally served complaint and ii) provide notice to Appellees a second time as to the appeal.

Appellant's Brief, at 14 (unnecessary capitalization omitted). Further, Appellant relies on our decisions in *Voland v. Gray*, 652 A.2d 935 (Pa. Super. 1995), *Slaughter v. Allied Heating*, 636 A.2d 1121 (Pa. Super. 1993), *Delverme v. Pavlinksy*, 592 A.2d 746 (Pa. Super. 1991), *Quarato v.*

- 3 -

*Facelifters, Ltd.*, 451 A.2d 777 (Pa. Super. 1982), and *Katsantonis v. Freels*, 419 A.2d 778 (Pa. Super. 1980). In so doing, Appellant emphasizes the following facts of his case, which he alleges amount to good cause shown for reinstating his appeal under Rule 1006:

i. Both Appellant's complaint and [notice of appeal] were docketed at the inception of the instant appeal;

ii. There was no timely notice to Appellant thereafter that [the notice of appeal] would be rejected by the trial court;

iii. Appellant complied with the clerk's instructions to re-file his complaint, filing notarized proofs of service on November 15, 2024[,] and curing any deficiency;

iv. As counsel would have been aware[,] when filing defaulting defendants' [(Appellees')] praecipe to strike[, the rules] required only that Appellant's complaint be ***filed*** within [twenty] days of the notice of appeal[.][2]

[2] As a separate matter, Appellant received no [Pennsylvania R]ule [of Civil Procedure] 236 notice[4] of Appellees' praecipe to strike.

Appellant's Brief, at 14 (internal citations and unnecessary capitalization omitted; emphasis in original). We disagree that Appellant is entitled to relief.

Our standard of review from the denial of a petition to reinstate an appeal from the judgment entered by an MDJ is for an abuse of discretion:

Pursuant to Rule 1006, the trial court may reinstate an appeal which has been stricken "upon good cause shown." Pa.R.C.P.[M.]D.J.[] 1006[.] While the phrase "good cause shown" has not been precisely defined, this [C]ourt has interpreted it to

---

[4] We observe that Appellant fails to identify any authority requiring Rule 236 notice in connection with a praecipe to strike an appeal, and we are aware of none. *See* Pa.R.Civ.P. 236.

require an appealing party to proffer some legally sufficient reason for reinstating the appeal. [*See*] ***Anderson v. Centennial Homes, Inc.***, 594 A.2d 737, 739 (Pa. Super. 1991). "The determination of whether good cause has been demonstrated is trusted to the trial court's sound discretion." ***Id.***

***Slaughter***, 636 A.2d at 1123 (brackets omitted).

Rule 1006 provides that, "Upon failure of the appellant to comply with Rule 1004A or Rule 1005B, the prothonotary shall, upon praecipe of the appellee, mark the appeal stricken from the record. The court of common pleas may reinstate the appeal upon good cause shown." Pa.R.C.P.M.D.J. 1006. Rule 1004A, in turn, states that, "If the appellant was the claimant in the action before the magisterial district judge, he shall file a complaint within twenty (20) days after filing his notice of appeal." Pa.R.C.P.M.D.J. 1004A.

We have explained there are two levels of discretion afforded to the trial court in conducting a Rule 1006 analysis:

As the rule clearly states, the trial court is never required to reinstate appeals (whereas the prothonotary can be required to strike them). The rule provides two levels of discretion. First, the trial court has discretion to determine whether there is good cause for reinstating the appeal. [*See*] ***Slaughter*** [], 636 A.2d [at] 1123. After examining [the] appellant's excuse for failing to [comply with the rules], the trial court is not required, but is permitted to reinstate the appeal, in its discretion. [***See i***]***d.*** at [] 1125. Considering the weight this rule gives to the trial court's discretion, we should be careful that we do not simply substitute our judgment as to whether an appeal should be reinstated. Rather, we should uphold any reasonable decision by the trial court, even though we might not agree with it ourselves.

***Hanni v. Penn Warranty Corp.***, 658 A.2d 1349, 1351 (Pa. Super. 1995) (footnote omitted).

Instantly, we observe that Appellant's reliance on our decisions in

**Voland**, **Slaughter**, **Quarato**, and **Katsantonis**, is misplaced as those cases

are factually and legally distinguishable, especially insofar as they relate to

Rule 1005B because that rule is not at issue in Appellant's case. **See**

Pa.R.C.P.M.D.J. 1005B. Therefore, we focus our analysis on our decision in

**Delverme**, where this Court reversed a trial court's denial of a reinstatement

of an appeal under Rule 1006. In **Delverme**, a liberal construction of Rule

1004A was required because prejudice and good cause shown were

established:

> first, [. . . t]here [wa]s no indication in the record in this case that [the] appellees were in any way prejudiced by [the] appellants['] failure to file a complaint within the twenty-day time period. The notice of appeal [was] timely filed and served upon [the] appellees. Therefore, [the] appellees were fully aware that an appeal had been taken. Further, the lawsuit itself was based upon a relatively simple set of facts, and thus [the] appellees knew what to expect in the complaint. Thus, we feel confident that [the] appellees would suffer no prejudice if the appeal was now reinstated and [the] appellants permitted to file their complaint. Second, we believe that [the] appellants have demonstrated good cause for failing to comply with the rules so as to warrant a reinstatement of the appeal. [The a]ppellants were initially unrepresented at the magistrate[']s level, and only received the assistance of counsel as a result of the counterclaim. However, after the hearing, counsel retained by [the] appellants' insurance carrier never informed [the] appellants of the decision and paid the counterclaim without [the] appellants' knowledge. It was only through their own inquiry at the magistrate's office that [the] appellants learned of the decision and their right to an appeal. Through the assistance of personnel at the prothonotary's office the appellants were able to prepare a notice of appeal and file the same with the court [of common pleas]. However, as [the] appellants[] maintain, they were not aware that they were then required to file a complaint within twenty days of the notice of appeal. Given that [the] appellants had already filed a complaint

- 6 -

in the magistrate's office it is not unreasonable to conclude that they would be unaware that it was necessary to file yet another complaint in the court of common pleas.

\* \* \*

Further, as soon as [the] appellants received notice that their appeal had been stricken[,] they immediately retained counsel in an effort to rectify the situation. We believe that [the] appellants' actions demonstrate an attempt to comply with all the rules for taking an appeal from a magistrate's decision, and do not think that they should be punished for inadvertently failing to comply with one of the rules, particularly when the notice of appeal was timely filed and served upon [the] appellees. Thus, we conclude that good cause existed to reinstate this appeal.

*Delverme*, 592 A.2d at 748-49.

Here, the trial court analyzed Appellant's claim, finding no good cause shown for reinstatement under Rule 1006, where Appellant did not provide any reason for untimely filing his complaint:

[. . . Appellant] has attached to his [Rule 1925(b)] concise statement two exhibits. Exhibit A appears to be a copy of a letter to [Appellees]' counsel dated November 15, 2024, including proof of mailing on that date, and reading as follows: "Please find timely notice of appeal. Any questions please call or e/m." Apparently enclosed with the letter was another copy of [Appellant]'s notice of appeal filed on May 28, 2024. Exhibit B appears to be a copy of a letter to [Appellees]' counsel[,] dated November 16, 2024, including proof of mailing on that date, and reading as follows: "Please find filed complaint within twenty [] days. Any questions please call or e/m." Apparently enclosed with the letter was not [Appellant]'s complaint[,] but rather[,] yet another copy of the notice of appeal.

Neither of these November 2024 letters to [Appellees'] counsel were filed of record with the [trial] court prior to the [trial] court's order of November 19, 2024 — or, for that matter, prior to [Appellant]'s concise statement filed on January 30, 2025. These new exhibits are therefore not part of the record on appeal, and [Appellant] cannot rely on them before the Superior Court. *See* Pa.R.[A.]P. 302(a) ("Issues not raised in the [trial] court are

waived and cannot be raised for the first time on appeal."). "Because issues not raised in the lower court are waived and cannot be raised for the first time on appeal, a [Rule] 1925(b) statement can therefore never be used to raise a claim in the first instance." *Steiner v. Markel*, 968 A.2d 1253, 1257 (Pa. 2009).

Even if these two exhibits were properly part of the record, they would not be of use to [Appellant]. Rule 1004A requires that a complaint be filed within twenty days of the filing of the notice of appeal, not from the date of service of the notice. [Appellant] cannot reset the clock by sending a new, untimely copy of the notice of appeal to [Appellees].

Trial Court Opinion, 2/10/25, at 4-5 (unnecessary capitalization omitted).

Instantly, Appellant's October 1, 2024 petition to reinstate the appeal states as follows:

8. Here, even after Appellant timely filed his proofs of service of his notice of appeal, the clerk of the trial court required him to fill out a second form.

9. The sole reason stated for striking the appeal was that Appellant's originally filed proofs of service were not notarized.[5]

10. On September 29, 2024, Appellant filed the same proofs of service with the court as directed by the court and without delay.

11. Also, [as noted in] Appellant's opposition to [the Appellees'] praecipe to strike [. . .], Appellant's notice of appeal was timely filed within less than [thirty] days after the entry of the [MDJ's entry of] judgment.

Petition to Reinstate, 10/1/24, at 4 (internal citations and unnecessary capitalization omitted).

_____

[5] We observe that this statement is factually incorrect as Appellees' praecipe to strike the appeal stated only "Kindly strike the appeal filed by the [Appellant] in this matter for failure to comply with Rule 1004A Pa.R.C.P.[M.]D.J[.]" Praecipe to Strike, 9/10/24.

- 8 -

After our review, we discern no abuse of discretion by the trial court in its denial of Appellant's petition to reinstate his appeal pursuant to Rule 1006. *See Slaughter*, 636 A.2d at 1123; *see also* Pa.R.C.P.M.D.J. 1006. First, we observe that Appellant's petition to reinstate fails to address his revival argument raised in his appellate brief, which argument may not be raised for the first time on appeal. *See Koller Concrete, Inc. v. Tube City IMS, LLC*, 115 A.3d 312, 319 (Pa. Super. 2019) ("It is axiomatic that an appellant may not raise a claim for the first time on appeal."). Second, we observe that Appellant makes no claim relating to Rule 1004A in his petition to reinstate. Rather than discussing the subject of that rule—timeliness of the filing of his complaint following the filing of his notice of appeal to the court of common pleas—Appellant only raises a claim regarding the timely filing of proof of service—the subject of Rule 1005B—which is not at issue in this appeal. To the extent that Appellant now raises issues on appeal not previously raised in the trial court, we may not now consider the merits of those claims. *See* Pa.R.A.P. 302(a). Similarly, to the extent that Appellant raised claims for the first time on appeal—in his Rule 1925(b) concise statement or in his appellate brief—we are foreclosed from reviewing the merits of those claims. *See id.*; *see also Hinkal v. Pardoe*, 133 A.3d 738, 746 (Pa. Super. 2016) (*en banc*) ("A party cannot rectify the failure to preserve an issue by proffering it in response to a Rule 1925(b) order. A Rule 1925(b) statement of matters complained of on appeal is not a vehicle in which issues not previously asserted may be raised for the first time.") (citation and quotation marks

omitted); *see also Steiner*, 968 A.2d at 1257; *see also Koller*, 115 A.3d at 319.

Accordingly, as Appellant has failed to preserve any argument as to good cause shown under Rule 1004A and, too, failed to establish the same in the trial court, Appellant's case is factually distinguishable from our decision in *Delverme*. *See Delverme*, 592 A.2d at 748-49 (good cause shown presented in trial court prior to appeal). Accordingly, we conclude that the trial court's analysis was reasonable and supported by the record, especially absent good cause shown for Appellant's failure to comply with Rule 1004A. *See Hanni*, 658 A.2d at 1350 ("If it could be error to simply apply a rule as written, [. . .] one might wonder what is the point of having it?"); *see also* Pa.R.C.P.M.D.J. 1006. Thus, we affirm the court's order denying Appellant's petition to reinstate the appeal.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/16/2025